**AUTOZONE, INC. and Charles Wilson, In His Capacity as Manager, Appellants,**

v.

**Janie DUENES, Appellee.**

**No. 13–02–00430–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 19, 2003.

Brett T. Reynolds, Blakely & Reynolds, Brian L. Blakeley, Brian L. Blakeley & Associates, San Antonio, for appellants.

Ed Chapa, Bonilla & Chapa, Corpus Christi, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

This is a restricted appeal from a default judgment rendered in favor of appellee, Janie Duenes ("Duenes"). In a single issue, appellants, Autozone, Inc. ("Autozone") and Charles Wilson, in his capacity as manager ("Wilson"), contend the trial court did not have *in personam* jurisdiction over them when it granted the default judgment. We reverse and remand.

### A. BACKGROUND AND PROCEDURAL HISTORY

Duenes sued Autozone and Wilson, in his capacity as manager, for personal injuries and damages sustained as a result of a battery explosion in one of Autozone's Corpus Christi locations. The citation in the record shows that "Autozone, Inc., by and through Charles Wilson, in his capacity as manager," was served on May 29, 2001. Neither Autozone nor Wilson filed an answer. At a hearing held on May 29, 2002, the trial court granted appellee a default judgment against Autozone and Wilson in the amount of $20,000. Neither Autozone nor Wilson participated in the hearing. Appellants filed this restricted appeal on July 23, 2002, requesting that the default judgment be vacated and the case be remanded for trial.

### B. RESTRICTED APPEAL

Restricted appeals replace writ of error appeals to this Court. TEX.R.APP. P. 30. The notice of appeal in a restricted appeal must be filed within six months after the judgment is signed. TEX.R.APP. P. 26.1(c). Statutes relating to writ of error appeals to the courts of appeals apply equally to restricted appeals. TEX.R.APP. P. 30.

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX.R.APP. P. 30.

To successfully attack a default judgment by restricted appeal, the appellant must: (1) file the restricted appeal within six months after the final judgment is signed; (2) be a party to the lawsuit; (3) have not participated at trial; and (4) demonstrate error apparent from the face of the record. *Quaestor Invs., Inc. v. Chiapas*, 997 S.W.2d 226, 227 (Tex.1999); *Carmona v. Bunzl Distrib.*, 76 S.W.3d 566, 568 (Tex.App.-Corpus Christi 2002, no pet.). A restricted appeal is a direct attack on a judgment. *Diles v. Henderson*, 76 S.W.3d 807, 809 (Tex.App.-Corpus Christi 2002, no pet.). A restricted appeal affords an appellant the same scope of review as an ordinary appeal, that is, a review of the

entire case. *Id.* (citing *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997)). The only restriction on the scope of restricted appeal review is that the error must appear on the face of the record. *Norman Communications*, 955 S.W.2d at 270. The face of the record, for purposes of restricted appeal review, consists of all the papers on file in the appeal. *Id.*

#### C. ANALYSIS

The record shows that appellants filed the restricted appeal within six months after the trial court signed the default judgment. The clerk's record shows that appellants were parties to the lawsuit. The reporter's record of the default judgment hearing shows that appellants did not participate at the hearing. Accordingly, we conclude that appellants have satisfied the first, second, and third requirements of their restricted appeal. *See Quaestor*, 997 S.W.2d at 227; *Carmona*, 76 S.W.3d at 568. We must now decide whether reversible error is apparent from the face of the record.

Appellants contend the trial court did not have *in personam* jurisdiction over them when it granted the default judgment. Appellants assert they were improperly served.

Because no trial court evidentiary fact-finding is necessary, a "defective service" complaint may be raised for the first time on appeal. *Carmona*, 76 S.W.3d at 568. When we review a restricted appeal, there are no presumptions of valid issuance, service, and return of citation. *Id.* (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985)).

Before a default judgment is properly rendered, the record must reflect that the trial court has jurisdiction and that the case is ripe for judgment. *Id.* When determining whether the case is ripe for judgment, the trial judge has a mandatory duty to determine that the defendant was duly served with citation and has no answer on file. *Id.* Unless the record affirmatively shows, at the time the default judgment is entered, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have *in personam* jurisdiction to enter a default judgment against the defendant. *Id.* The failure of the record to affirmatively show strict compliance with the rules of civil procedure will render the attempted service of process invalid and of no effect. *Id.* Virtually any deviation from the statutory requisites for service of process will destroy a default judgment. *Id.* at 568–69.

Duenes acknowledges that Autozone is a foreign corporation doing business in Texas. Service of process on foreign corporations is governed by article 8.10 of the Texas Business Corporations Act. *See* TEX. BUS. CORP. ACT ANN. art. 8.10 (Vernon 2003). The article provides two methods for accomplishing service: (1) serving the president, vice president, or registered agent appointed to receive service; or (2) substitute service on the Texas Secretary of State. TEX. BUS. CORP. ACT ANN. art. 8.10 §§ A, B (Vernon 2003).

Here, service of process on Autozone was made by and through Wilson, in his capacity as the manager of one of Autozone's Corpus Christi locations.[1] However, service of citation on an employee in a local place of business does not

---

1. Wilson was not named as a defendant in the suit, and citation was not issued in his individual capacity. "To make one having an interest in an action a party, the petition must make him a party; and if he does not voluntarily appear, he must be cited. That he knows of the existence of the suit, and could have intervened, makes no difference."

constitute adequate service on a foreign corporation. *Mass. Newton Buying Corp. v. Huber,* 788 S.W.2d 100, 103 (Tex.App.-Houston [14th Dist.] 1990, no writ).

Further, the record does not show that Wilson was the president or vice president of Autozone. Also, the record does not show that Wilson was a registered agent for service, which must be affirmatively shown for a default judgment to be proper. *Encore Builders v. Wells,* 636 S.W.2d 722, 723 (Tex.App.-Corpus Christi 1982, no writ).

Because the face of the record fails to show strict compliance with article 8.10 of the business corporations act and the rules of civil procedure relating to service of process, we conclude that appellants have satisfied the fourth requirement of their restricted appeal. *See* TEX. BUS. CORP. ACT ANN. art. 8.10; *see also Quaestor,* 997 S.W.2d at 227; *Carmona,* 76 S.W.3d at 568. Accordingly, we hold that service of process on appellants was invalid and of no effect. As a result, the trial court did not acquire *in personam* jurisdiction over appellants and the default judgment against them is void. *Ackerly v. Ackerly,* 13 S.W.3d 454, 458 (Tex.App.-Corpus Christi 2000, no pet.).

Appellants also contend that the citation contained in the record was not served by an authorized person. Because of our disposition, it is not necessary to address this contention. TEX.R.APP. P. 47.1.

We sustain appellants' sole issue.

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings.

*Phipps v. Chrysler Corp.,* 460 S.W.2d 170, 172 (Tex.Civ.App.-Houston [1st Dist.] 1970, writ ref'd).