NUMBER 13-04-139-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

CORREO, INC.,                                                                                Appellant,

 

                                                             v.                                

 

CITICORP VENDOR FINANCE, INC., 

D/B/A COPELAND CAPITAL, INC., 

ASSIGNEE OF VALLEY COPIER 

SYSTEMS, INC., D/B/A VOS/TEXAS,                                            Appellees.

 

 

      On
appeal from the 398th District Court of Hidalgo County, Texas.

 

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








This is a restricted appeal from a default judgment
rendered in favor of appellee, Citicorp Vendor Finance, Inc. d/b/a Copeland
Capital, Inc.[1]  By one issue, appellant, Correo, Inc., argues
that the trial court (1) improperly entered judgment awarding appellee
liquidated damages and (2) erroneously awarded damages without hearing
evidence.  As this is a memorandum
opinion and  the parties are familiar
with the facts, we will not recite them here except as necessary to advise the
parties of the Court=s decision and the basic reasons for it.[2]  We reverse and remand.

Standard of Review

            

 The standard
of review for a trial court=s ruling on a default judgment is abuse of
discretion.[3]  The test for abuse of discretion is whether
the trial court acted without reference to guiding rules and principles or
whether the trial court=s actions were arbitrary and unreasonable.[4]  Generally, the same standards of review and
powers of disposition that govern ordinary direct appeals govern the review of
a default judgment.[5]  

Analysis

 

By one issue, appellant argues that the trial court
(1) improperly entered judgment awarding appellee liquidated damages and (2)
erroneously awarded damages without hearing evidence.  








To successfully attack a default judgment by
restricted appeal, an appellant must (1) file the restricted appeal within six
months after the final judgment is signed, (2) be a party to the lawsuit, (3)
have not participated at trial, and (4) demonstrate that error is apparent from
the face of the record.[6]  A restricted appeal affords an appellant the
same scope of review as an ordinary appeal, that is, a review of the entire
case.[7]  The only restriction on the scope of
restricted appeal review is that the error must appear on the face of the
record.[8]  The face of the record, for purposes of
restricted appeal review, consists of all the papers on file in the appeal.[9]  In reviewing the record, we conclude that
appellant has satisfied the first three requirements of its restricted
appeal.  We must now decide whether
reversible error is apparent from the face of the record.

In this case, appellee sued for damages totaling
$34,665.54, which represented unpaid rental payments, accelerated balance,
sales tax, and late charges, plus $7,906.50 for other costs and expenses
incurred, including attorney=s fees.  In
support of its petition, appellee attached a copy of the lease agreement
between Valley Office Systems and Correo, Inc. 
The record reflects that the trial court, without holding any hearings,
entered default judgment in appellee=s favor.  The
trial court=s final judgment states, in relevant part,

The Court has read the pleadings and the papers on
file, and is of the opinion the allegations contained in the Plaintiff=s petition have been admitted and are the subject of
an account upon which a systematic record has been kept and may be accurately calculated,
and that Plaintiff should have Judgment against Defendant, jointly and
severally, for the amount of $42,572.04, together with attorney=s fees supported by the Attorney=s Fee Affidavit on file herein in the amount of
$1,585.00 and court costs. 

 








A claim is liquidated if the amount of damages can
accurately be calculated by the court from the factual, as opposed to
conclusory, allegations in the petition and an instrument in writing.[10]   According to Texas Rule of Civil Procedure
241:

 

When a judgment by default is rendered against the
defendant, or all of  several defendants,
if the claim is liquidated and proved by an instrument in writing, the damages
shall be assessed by the court, or under its direction, and final judgment
shall be rendered therefor, unless the defendant shall demand and be entitled
to a trial by jury.[11]

 

Unliquidated damages are damages that cannot be
fixed by a mere mathematical calculation from ascertained data in the case.[12]  According to Texas Rule of Civil Procedure
243:

If the cause of action is unliquidated or be not
proved by an instrument in writing, the court shall hear evidence as to damages
and shall render judgment therefor, unless the defendant shall demand and be
entitled to a trial by jury in which case the judgment by default shall be
noted, a writ of inquiry awarded, and the cause entered on the jury docket.[13]

 








Here, the record reflects that none of the evidence
or allegations in this case set forth the date of the alleged breach.  Consequently, the court=s order awarding liquidated damages was erroneous
because the amount of damages was not proved by the instrument, and the damages
were therefore improperly characterized as liquidated damages.  Further, because the amount of damages at
issue was not proved by any of the evidence, under rule 243, the trial court
was required to hear evidence in support of appellee=s unliquidated damages claim.[14]  Because the amount of damages was not proved
by any of the evidence, and the trial court failed to hear evidence in support
of the amount of  damages claimed by
appellee, we conclude that error is apparent from the face of the record.  The trial court therefore abused its
discretion in entering a judgment awarding liquidated damages of $42,572.04 in
favor of appellee.[15]

Accordingly, we reverse and remand this cause for
further proceedings consistent with this opinion. 

 

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

 

Memorandum Opinion delivered and 

filed this the 30th day of June, 2005.

 

                                                                              

 











[1]See Tex. R.
App. P. 30.





[2] See Tex. R. App. P. 47.4.





[3] Padrino Mar. Inc. v.
Rizo, 130 S.W.3d 243, 247 (Tex. App.B-Houston [14th Dist.] 2004, no pet.).  





[4] Garcia v. Barreirro, 115
S.W.3d 271, 274 (Tex. App. CCorpus Christi 2003, no pet.).





[5] Lakeside Leasing Corp. v.
Kirkwood Atrium Office Park Phase 3, 750 S.W.2d 847, 849 (Tex. App.B-Houston [14th Dist.] 1988, no
writ). 





[6] Autozone, Inc. v. Duenes,
108 S.W.3d 917, 919 (Tex. App.B-Corpus Christi 2003, no pet.).





[7] Id. (quoting Norman
Communications v. Tex. Eastman Co., 95 S.W.2d 269, 270 (Tex. 1997) (per
curiam)).





[8] Id. at 920.





[9] See id.





[10] Novosad v. Cunningham, 38
S.W.3d 767, 773 (Tex. App.BHouston [14th Dist.] 2001, no pet.).   





[11] Tex.
R. Civ. P. 241.





[12] Chrysler Corp. v. McMorries,
657 S.W.2d 858, 864 (Tex. App.BAmarillo 1983, no writ). 





[13] Tex.
R. Civ. P. 243.





[14]Tex. R.
Civ. P. 243.





[15] See Autozone, Inc., 108
S.W.3d 917at 919; Freeman v. Leasing Assoc., 503 S.W.2d 406, 407 (Tex.
App.B-Houston [14th Dist.] 1974, no
writ) (reversing and remanding for a hearing on unliquidated damages claim as
the amount of damages could not be ascertained because none of the evidence
established when default on the contract had occurred).