NUMBER 13-06-113-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


SELECT PORTFOLIO SERVICING, INC. 

f/k/a FAIRBANKS CAPITAL CORP. as

SERVICING AGENT FOR CREDIT

SUISSE FIRST BOSTON MORTGAGE

CAPITOL LLC, 
Appellant,


v.
 


MARY MARTINEZ AND JUAN

MARTINEZ, a/k/a JUAN JOSE

MARTINEZ, Appellees.

 


On appeal from the 93rd District Court 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez and Vela

Memorandum Opinion by Justice Vela



 In this restricted appeal, appellant, Select Portfolio Servicing, Inc. f/k/a Fairbanks
Capital Corporation, seeks to reverse a two million dollar default judgment entered
against it. By three issues, appellant urges that: 1) the return of citation is defective
and cannot support a default judgment; 2) appellees cannot recover as a matter of law
and, 3) the evidence is legally and factually insufficient to support the award of
damages and attorney's fees. We hold that because the return of citation on file on the
date of the hearing was defective, it will not support a default judgment. Accordingly,
we reverse and remand.

 BACKGROUND

 Mary and Juan Martinez filed suit against Select Portfolio, urging causes of
action for fraud, misrepresentation, negligence and breach of contract. They did not
request either exemplary damages or attorney's fees. The Martinezes' pleadings state
that they were in bankruptcy for failing to make their mortgage payments to appellant
and withdrew their petition because appellant agreed to work with them to get them
"back on track" with their mortgage. They claim that they were wrongfully induced
to sign a reinstatement agreement which contained a balloon note that was renewable

 quarterly. They further assert that had they remained in bankruptcy, they may have
"been halfway done in making up the arrearage of the home." Because the Martinezes
again fell behind on the mortgage, they filed bankruptcy a second time. 

 The original petition was filed on April 4, 2005, and citation issued on the same
date. Appellant did not answer and the Martinezes moved for default judgment. At
the time of the hearing and entry of the default judgment, the blanks in the certificate
of return attached to the citation in the clerk's file had not been completed. The
certificate had also not been signed at the time of the hearing and judgment. The
certificate contained a certified mailing slip that was not postmarked. The evidence
was undisputed that the deputy clerk did not fill in the blanks on the certificate of
return until she began assembling the clerk's record for the appeal in 2006. 

 Mary Martinez was the only person to testify at the default judgment hearing. 
Her testimony consisted of approximately five pages of testimony and no
accompanying exhibits. There was no evidence presented showing proper service of
citation. Martinez stated she and her husband had to file bankruptcy twice. They still
owe $60,000 on the house. According to Martinez, appellant raised the interest on
the note. Her husband was not in court because he suffers from anxiety and panic
attacks which have affected his ability to work. Her husband had previously suffered
from depression which was aggravated because the couple was not able to make the
mortgage payments. According to Martinez, her husband cannot sleep because he
thinks appellant is going to take the house away. Their credit has been affected
because of the bankruptcies. 

 Mary Martinez asked for $50,000 in damages to her credit standing and
$300,000 in lost wages. She testified that "this" has affected the way they live. 
Counsel for the Martinezes then asked the court to award "1.8-1.89 [million]
something like that."

 The judgment awarded $1,898,000 in damages, $300.00 in court costs,
$5,000 in attorney's fees and post-judgment interest. 

DISCUSSION

 To successfully attack a default judgment by restricted appeal, the appellant
must: 1) file the restricted appeal within six months after the final judgment is signed;
2) be a party to the lawsuit; 3) have not participated at trial; and 4) demonstrate error
apparent from the face of the record. Quaestor Invs. Inc. v. Chiapas, 997 S.W.2d
226, 227 (Tex. 1999); Autozone, Inc. v. Duenes, 108 S.W.3d 917, 919 (Tex.
App-Corpus Christi 2003, no pet.). A restricted appeal affords an appellant the same
scope of review as an ordinary appeal, that is, a review of the entire case. Duenes,
108 S.W.3d at 919. This includes error resulting from a lack of evidence or
insufficient evidence to support the judgment. Castanon v. Monsevais, 703 S.W.2d
295, 297 (Tex. App.-San Antonio 1985, no writ). Error on the face of the record is
the only element at issue in this appeal.

 In a restricted appeal, there are no presumptions of valid issuance, service, and
return of citation. Webb v. Oberkampf Supply of Lubbock, Inc. 831 S.W.2d 61, 64
(Tex. App.-Amarillo 1992, no writ). Before a default judgment is entered, the record
must reflect that the trial court has jurisdiction and that the case is ripe for judgment. 
Autozone, Inc. v. Duenes, 108 S.W.3d at 920. The trial court has a mandatory duty
to determine that the defendant was duly served with citation and that no answer is
on file. Id. Unless the record affirmatively shows at the time the default was entered
either an appearance by the defendant, proper service of citation on the defendant, or
a written memorandum of waiver, the trial court does not have in personam jurisdiction
to enter a default judgment. Id. The failure of the record to affirmatively show strict
compliance with the rules of civil procedure will render the attempted service of
process invalid. Id. Virtually any deviation from the statutory requisites for service of
process will destroy a default judgment. Id. 

 The return of service under Texas Rule of Civil Procedure 107 is not a trivial or
formulaic event. AAA Navi Corp. v. Parrot-Ice Drink Prod. of Am., 119 S.W.3d 401,
402 (Tex. App.-Tyler 2003, no pet.). The courts require strict compliance with the
rules for service of citation to affirmatively appear in the record in order for a default
judgment to withstand a direct attack. Id. at 403. Review is limited to the record at
the time the default was rendered. Id. 

 By its first issue, appellant contends that the return of citation cannot support
the default judgment because it is defective. (1) Service in this case was by certified
mail. The reporter's record is totally devoid of evidence suggesting that the Martinezes
presented the trial court with proof of service at the default judgment hearing. The
clerk's affidavit, part of the clerk's record in this case, confirms that until at least April
20, 2006, the certificate of return under Texas Rule of Civil Procedure 103 was not
filled out or signed. The clerk averred that she filled in the information after April 20,
2006, which was well after the rendition of the default judgment. 

 Evidence not before the trial court prior to final judgment may not be considered. 
Laas v. Williamson, 156 S.W.3d 854, 857 (Tex. App.-Beaumont 2005, no pet.). In
Laas, the plaintiff claimed that there was no error on the face of the record because
she corrected the return of service. Id. The court said that the amendment could not
be considered because it was corrected after the default judgment had been rendered. 
Id. 

 The Martinezes do not refute that the return of citation was not before the trial
court when it ruled. The clerk's action in correcting the service documents well after
the hearing and judgment in this case does not correct the failure of the Martinezes to
demonstrate proper service prior to the default. The Martinezes suggest only the
docket sheet as proof of service. The docket sheet in this case was generated on April
26, 2006. It cannot be used to support a September 27, 2005 judgment. See
Duenes, 108 S.W.3d at 920.

 Because the record in this case does not affirmatively show strict compliance
with the procedural rules for service of citation, there is error apparent on the face of
the record. Issue one is sustained. We do not address appellant's second and third
issues because they are not required for final disposition of the appeal. Tex. R. App.
P. 47.1.




 CONCLUSION

 Because there was error apparent on the face of the record as to service of
citation, we reverse and remand the case to the trial court.

 



 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 29th day of March, 2007.
1. Because the only evidence before the trial court was a reporter's record containing
approximately five pages of testimony and the pleadings which do not affirmatively negate liability, we
address the service issue first.