Opinion issued May 15, 2008









 








In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00184-CV
  __________
 
PERCY LOFTON, JR., CONAL LOFTON, JAMES LOFTON,
LONNIE E. TURNER, CAROL S. LOFTON FOWLER,
DELILAH A. LOFTON, AND HORACE LOFTON, Appellants
 
V.
 
J. EDDIE DYER, Appellee
 

 
 
On Appeal from the 278th District Court
Grimes County, Texas
Trial Court Cause No. 28-297
 

 
 
MEMORANDUM OPINION
          J. Eddie Dyer brought this trespass to try title case against Percy Lofton, Jr.,
Conal Lofton, James Lofton, Lonnie E. Turner, Carol S. Lofton Fowler, Delilah A.
Lofton, and Horace Lofton (collectively “the Loftons”). After a bench trial, the trial
court awarded Dyer fee simple title to 87.41 acres in Grimes County under the 10-year adverse possession statute.


 In three issues, the Loftons contend that the trial
court erred in (1) denying the Loftons their right to a trial by jury, (2) refusing the
Loftons sufficient time to retain legal counsel by denying their request to continue the
case, and (3) failing to consider newly-discovered evidence in denying the Loftons’
motion for new trial.         
          We affirm. 
Background
          In June 1999, Dyer sued the Loftons and 21 additional defendants in this
trespass to try title case. In September 2005, more than five years after the case was
filed, the Loftons’ attorney filed a motion to withdraw, and the trial court granted the
unobjected-to motion. The parties were sent a “Notice of Bench Trial,” and the case
proceeded to trial before the court on April 3, 2006. During the pre-trial docket calls,
which the Loftons attended, the trial court encouraged the Loftons to retain counsel.


 
          Minutes before the trial began, Dyer settled with the 21 additional defendants,
and he proceeded to trial against the Loftons only. After Dyer and the ad litem made
their opening remarks, the Loftons notified the trial court of their need for an attorney
and requested a jury trial Without ruling on the Loftons’ request, the trial court
carried on with the bench trial, and James Lofton cross-examined two of Dyer’s
witnesses. After Dyer rested his case, James Lofton orally requested a continuance
so that he could obtain an attorney. The trial court reminded the Loftons that the case
had been pending for seven years and that the court had repeatedly advised them to
get counsel. The trial court denied the requested continuance and, on June 9, 2006,
awarded Dyer fee simple title to 87.41 acres in Grimes County by virtue of adverse
possession, pursuant to the 10-year statute of limitations.
          The Loftons filed a motion for new trial which, among other things, asserted
that newly-discovered evidence warranted a new trial. After a hearing, the trial court
denied the motion. 
           Right to Trial by Jury
In issue one, the Loftons argue that the trial court erred in denying them their
right to a trial by jury.
A litigant waives the right to trial by jury if he participates in a bench trial
without objection. See, e.g., In re D.R., 177 S.W.3d 574, 580 (Tex. App.—Houston
[1st Dist.] 2005, pet. denied) (holding that litigants waived their objection to bench
trial by failing to object or otherwise indicate they possessed “perfected” right to jury
trial until charge conference); In re A.M., 936 S.W.2d 59, 61 (Tex. App.—San
Antonio 1996, no writ) (observing that perfected right to jury trial in civil case may
be waived by party’s failure to act when trial court proceeds with bench trial);
Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat’l Assur. Co., 875 S.W.2d
385, 387 (Tex. App.—Dallas 1993, no writ) (holding that, “when a party has
perfected its right to a jury trial in accordance with rule 216 but the trial court instead
proceeds to trial without a jury, the party must, in order to preserve any error by the
trial court in doing so, either object on the record to the trial court’s action or indicate
affirmatively in the record it intends to stand on its perfected right to a jury trial”).
          The Loftons contend that they made a demand and paid a jury fee on October
24, 2001, and, when the case was called to bench trial, they requested that the trial
proceed before a jury.


 On August 2, 2005, all parties, through their respective
attorneys, including the Loftons, waived their right to a jury trial and elected to try
the case to the trial court without a jury. In February 2006, the trial court sent out a
Notice of Bench Trial to be held on April 3, 2006. On March 6, 2006, the trial court
sent out a Notice of Docket Call, which also reflected that the case was set for a
bench trial. The Loftons never objected.


 Accordingly, the trial court did not err in
denying the Loftons’ belated request for a jury trial.
We overrule issue one.
Continuance
In issue two, the Loftons argue that the trial court erred in refusing to allow
them sufficient time to retain legal counsel by denying their request to continue the
case.   
We review the grant or denial of a motion for continuance for an abuse of
discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). We will not
overrule the trial court’s decision unless the trial court acted unreasonably or in an
arbitrary manner “without reference to any guiding rules and principles.” Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991) (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).
The Loftons’ attorney withdrew from the case. The Loftons contend that they
were not notified of the withdrawal hearing or informed that the attorney had
withdrawn. Once they were notified, the Loftons represent that they “sought
diligently to secure legal representation in the rural and surrounding area where they
reside.” They further assert that, due to their “extremely modest means, ethnicity, and
lack of sophistication,” they should be given additional time to find competent
counsel.
The record reflects that the Loftons’ attorney withdrew because the Loftons had
not paid his fees.


 It also reflects that the Loftons were aware of his withdrawal more
than five months before the trial setting. Furthermore, the Loftons’ request for a
continuance was made orally after Dyer had rested his case and after the Loftons had
cross-examined two witnesses. Accordingly, we hold that the trial court did not
abuse its discretion in denying the oral motion for continuance. See Taherzadeh v.
Ghaleh-Assadi, 108 S.W.3d 917, 928 (Tex. App.—Dallas 2003, pet. denied). 
We overrule issue two.
Motion for New Trial
In issue three, the Loftons assert that the trial court erred in failing to consider
newly-discovered evidence when it denied their motion for new trial. The Loftons
did not address this argument during their motion for new trial hearing, but it was
contained in their motion.
A party who seeks a new trial on the ground of newly discovered evidence
must satisfy the court that (1) the evidence has come to his knowledge since the trial,
(2) it was not owing to want of due diligence that the evidence did not come to his
attention sooner, (3) the evidence is not cumulative, and (4) the evidence is so
material that it would probably produce a different result if a new trial were granted.
Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); Summers v. WellTech, Inc.,
935 S.W.2d 228, 233 (Tex. App.—Houston [1st Dist.] 1996, no writ). We review the
trial court’s denial of a motion for new trial for an abuse of discretion. Jackson, 660
S.W.2d at 809.
In their motion for new trial, the Loftons listed two items of newly discovered
evidence. First, they discussed some correspondence from a timber company.11. After the discovery process and sending information to the attorney,
the [Loftons] discovered correspondence from a timber company,
Williams Forest Products, dated 1987, indicating that Percy Lofton, Sr.
was the Executor of the Estate of Tilford Kennard. . . . The timber
company was communicating with Percy Lofton, Sr. seeking permission
to cut timber on the property. This evidence corroborates the pleadings
that the [Loftons] sought recovery of timber cut down. This evidence
would dispositively prove that Percy Lofton, Sr. was actively protecting
the interest of the property. 

The Loftons’ motion for new trial does not explain why they could not have obtained
the new evidence before trial. The Loftons have therefore failed to demonstrate that
it was not owing to want of due diligence that the evidence did not come to their
attention sooner. See Jackson, 660 S.W.2d at 809; Summers, 935 S.W.2d at 233. We
hold that the trial court did not abuse its discretion in denying the Loftons’ motion for
new trial with respect to the timber company letter. See Xenos Yuen v. Fisher, 227
S.W.3d 193, 204–05 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that
trial court did not abuse its discretion in denying motion for new trial because
appellant failed to demonstrate that it was not through want of diligence that he did
not obtain new evidence sooner); Mayhew v. Dealey, 143 S.W.3d 356, 367 (Tex.
App.—Dallas 2004, pet. denied) (same); GJR Mgmt. Holdings, L.P. v. Jack Raus,
Ltd., 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied) (same).
          In their second item of newly-discovered evidence, the Loftons direct the trial
court to some new tax information regarding the property.
12. New evidence has come to light that was provided by the Grimes
County Tax Assessor’s office pertaining to taxes paid by Percy Lofton,
Sr. Apparently, at the time of trial the representative for Grimes County
Appraisal District testified that the outstanding taxes were
approximately $60,000.00. However, subsequently corrections were
forwarded and/or made known to the [Loftons] that, in fact, Percy
Lofton, Sr. had paid and/or was in the process of making payment on
taxes, and that the balance was far below $60,000.00. Such evidence is
essential and/or dispositive as to the recognition of ownership by the
local taxing authority, and is consistent with the fact that the [Loftons]
could not secure and did not further seek agricultural exemption. It
would further show that the [Loftons] did not make further payment of
taxes. The [Loftons] have produced evidence from an account statement
that certain payments were made, and additional statements were found
indicating payments made as early as 1981. Therefore, the testimony
was extremely overstated and inaccurate.

While this evidence appears to have come to the Loftons’ knowledge since the trial,
not owing to want of due diligence, and it does not appear to be cumulative, the
Loftons did not show that the evidence was so material that it would probably
produce a different result if a new trial were granted. See Jackson, 660 S.W.2d at
809. 
          “Adverse possession” means an actual and visible appropriation of real
property, commenced and continued under a claim of right that is inconsistent with
and is hostile to the claim of another person. Tex. Civ. Prac. & Rem. Code Ann.
§ 16.021(1) (Vernon 2002). A party claiming adverse possession must prove: 1)
actual possession of the disputed property, 2) under a claim of right, and 3) that is
adverse or hostile to the claim of the owner and that it was consistently and
continuously so for the duration of the statutory period. Taub v. Houston Pipeline
Co., 75 S.W.3d 606, 625 (Tex. App.—Texarkana 2002, pet. denied); Sarandos v.
Blanton, 25 S.W.3d 811, 815 (Tex. App.—Waco 2000, pet. denied). Possession must
not only be actual, but also visible, continuous, notorious, distinct, hostile (i.e.,
adverse), and of such a character as to indicate unmistakably an assertion of a claim
of exclusive ownership in the occupant. Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex.
1990). The test of hostility is whether acts performed by the claimant on the land, and
the use made of the land, was of such a nature and character as to reasonably notify
the true owner of the land that a hostile claim was being asserted to the property. 
Taub, 75 S.W.3d at 626; Templeton v. Dreiss, 961 S.W.2d 645, 670 (Tex. App.—San
Antonio 1998, pet. denied). One essential element of adverse possession under the
10-year limitation statute is that the possession of the claimant, or those in privity
with the claimant, must be an actual and visible appropriation of the land for 10 or
more consecutive years. Tex. Civ. Prac. & Rem. Code Ann. § 16.026; Cherokee
Water Co. v. Freeman, 145 S.W.3d 809, 817 (Tex. App.—Texarkana 2004, pet.
denied). 
          The Loftons have made no effort to explain why the fact that “the testimony
[regarding tax payments] was extremely overstated and inaccurate” was so material
that it would probably produce a different result if a new trial were granted. See
Jackson, 660 S.W.2d at 809. Accordingly, we hold that the trial court did not abuse
its discretion in denying the Loftons’ motion for new trial.
          We overrule issue three.
 
Conclusion
We affirm the trial court’s judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.