**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

9/29/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-15-00211-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/28/2015 12:00:00 AM
Dorian E. Ramirez
CLERK

No. 13-15-00211-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/28/2015 8:00:00 AM
DORIAN E. RAMIREZ
Clerk

IN THE
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI-EDINBURG

---

**SANDRA MARIBEL ARROYO,**
**Appellant,**

**v.**

**CRISTO REY GARZA,**
**Appellee**

---

**Appealed from the 370th Judicial District Court, Hidalgo County, Texas**

---

**APPELLANT'S AMENDED BRIEF**

---

Timothy Audrey Davis
State Bar No. 0070570
LAW OFFICE OF TIMOTHY A. DAVIS
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
(956) 664-2000
Fax (956) 664-2500
McAllenLawDavis@gmail.com

**ATTORNEY FOR APPELLANT**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the following is a complete list of all parties to the trial court's judgment and the names and address of al trial and appellate counsel:

**Appellant:** Sandra Maribel Arroyo

**Trial Counsel for Sandra Maribel Arroyo:**

Rene A. Flores
Attorney at Law
403 Conway
Mission, Texas 78572
(956) 316-1991
Facsimile (956) 316-2131
Rene.flores@yahoo.com

**Appellant Counsel for Sandra Maribel Arroyo:**

Timm Davis
LAW OFFICE OF TIMOTHY A. DAVIS
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
(956) 664-2000
Facsimile (956) 664-2500
McAllenLawDavis@gmail.com

**Appellee:** Cristo Rey Garza

**Trial and Appellate Counsel for Cristo Rey Garza:**

Justino "J.R." Garza
LAW OFFICE OF JUSTINO "J.R." GARZA
2223 Primrose Avenue
McAllen, Texas 78504
(956) 664-0011
Facsimile (956) 664-2189
jgarza@rocketmail.com

# TABLE OF CONTENTS

Identities of Parties and Counsel ……………………………………………………...1

Table of Contents ...………………………………………………………………..2

Index of Authorities....…………………………………………………………3

Statement of the Case…………………………………………………………4

Statement Regarding Oral Argument………………………………………….5

Issues Presented...…………………………………………………………6

Statement of Facts………………………………………………………..7

Summary of the Argument.………………………………………………10

Argument..………………………………………………………………..10

ISSUE NO. 1

Whether the Order Granting Plaintiff's Motion for Summary Judgment should be reversed and the case remanded because Appellant was not properly served with the summary judgment motion, nor provided proper notice by the Court of the settings for the summary judgment motion……11

ISSUE NO. 2

Whether the Order Granting Plaintiff's Motion for Summary Judgment should be reversed and the case remanded because the court's clerk failed to comply with Rule 306a (3), Texas Rules of Civil Procedure, requiring the clerk to immediately give notice to the parties when a final judgment or other appealable order is signed.……………………………………..15

Prayer……………………………………………………………………...16

Appendix……………………………………………………………………19

# INDEX OF AUTHORITIES

Cases

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 354, 255 (Tex. 2009)……………9

*Clopton v. Park*, 66 S.W.3d 513, 515 (Tex. App.-Fort Worth 2001, pet. denied)…9

*Norman Commc'ncs v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) ……9

*Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.-Corpus Christi 2003, no pet.)…………………………………………………………………...9

*General Electric Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)……………………………………...……………………..9

*Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex.2009)……………………………..13

*In re Lynd Co.*, 195 S.W.3d 686 (Tex. 2006)…....………………………………...13

Rules of Court

Tex. R. App. P. 30…..…………………………………………………………….9

Tex. R. App. P. 26.1(c)…..………………………………………………………….9

Rule 306a (3), Tex. R. C. P…………………………………………………………12

Rule 306a (1), Tex. R. Civ. P……………………………………………………..13

## STATEMENT OF THE CASE

***References to the Clerk' Record shall be denoted as "CR[page]."***

Cristo Rey Garza ("Garza") filed suit against Sandra Maribel Arroyo ("Arroyo") contending that two properties owned by Arroyo had in actuality been purchased with money provided by Cristo and that the parties had an unwritten agreement that both of the properties would be transferred or conveyed to Cristo in the future. (CR 9-21). Garza's petition sought damages for breach of contract and sought a judicial determination that the factual allegations set forth therein established a purchase money resulting trust for one of the properties and a constructive trust for the other property. (CR 9-21). Arroyo filed a pro se general denial to Garza's petition. (CR 25-26).

The trial court granted Garza's Motion for Summary Judgment awarding Garza effective ownership of one of the two properties he had sued for. (CR 91-92). Arroyo appeals from that judgment.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Sandra Maribel Arroyo does not request Oral Argument in this case.

## ISSUES PRESENTED

(1) Whether the Order Granting Plaintiff's Motion for Summary Judgment should be reversed and the case remanded because Appellant was not properly served with the summary judgment motion, nor provided proper notice by the Court of the settings for the summary judgment motion.

(2) Whether the Order Granting Plaintiff's Motion for Summary Judgment should be reversed and the case remanded because the court's clerk failed to comply with Rule 306a (3),  Texas Rules of Civil Procedure, requiring the clerk to immediately give notice to the parties when a final judgment or other appealable order is signed.

## STATEMENT OF FACTS

***The Reporter's Record was requested, but the trial court's court reporter sent correspondence indicating that no oral testimony had been taken in the case.***

On October 23, 2014 Garza filed his "Plaintiff's Motion for Summary Judgment". (CR 35-87). In the summary judgment Garza only sought a judgment declaring that there was a *purchase money resulting trust* concerning one of the properties and did not seek judgment on his causes of action for breach of contract or constructive trust. (CR 35-87). On October 24, 2014 the trial court set the summary judgment for a "submission date" of November 14, 2014 with Arroyo's response being due "November 7, 2013". (CR 88). The correspondence was copied to the parties by a "cc" at the bottom of the letter. (CR 88). Arroyo was allegedly sent a copy of the notice, but her mailing address was not included with the correspondence. (CR-88).

Four days later, on October 27, 2015, the trial court prepared an Amended Notice giving a "submission date" of December 1, 2014 and setting Arroyo's response date at November 24, 2014. (CR 89).

The trial court set the summary judgment for "submission" on December 1, 2014, with Arroyo's "response" date being set for November 24, 2014. On this Amended Notice Arroyo was allegedly given notice via mail as the correspondence includes a "cc" at an address of "15200 N. Moorefield Road, Mission, Texas

7

78574." (CR 89).   Garza's counsel was apparently provided notice of the settings via his mailing address.  (CR 89).

The trial court apparently considered the motion on December 16, 2014 and created correspondence indicating that Garza's motion for summary judgment had been granted.  (CR 90).  On this correspondence Garza's counsel was apparently provided notice via an email address and Arroyo was mailed notice at "15200 N. Moorefield Road, Mission, Texas 78572."  (CR 90).  On December 22, 2014 the trial court signed and entered the "Order Granting Plaintiff's Motion for Summary Judgment" (CR 91-92).  The order does not indicate that it was transmitted to either party.  (CR 91-92).

On February 2, 2015, forty-two (42) days after the order granting Garza's motion for summary judgment had been signed and entered, the court's clerk sent notice to the parties of the order pursuant to Rule 306(a)(3), Texas Rules of Civil Procedure.  (CR 93-94).  The Rule 306(a)(3) notice sent to Garza was apparently mailed to Garza's attorney at his street address, but the notice to Arroyo merely stated her name and did not include any type of address indicating where the notice was being sent.  (CR 93-94).

On May 1, 2015 Arroyo timely perfected her restricted appeal pursuant to Rule 30, Texas Rules of Appellate Procedure.  (CR 95-97).  Arroyo contends in her notice of appeal that she did not participate, either through counsel or in person, in

the Order Granting Summary Judgment and that she has not filed any post-judgment motions, request for findings of fact and conclusions of law or a standard notice of appeal. (CR 95). The trial court's record indicates that Arroyo did not file a response to Garza's motion for summary judgment, that Arroyo did not file any post-judgment motions and that Arroyo did not file a standard notice of appeal. (CR 1-100).

## SUMMARY OF THE ARGUMENT

The Order Granting Plaintiff's Motion for Summary Judgment should be reversed and the case remanded to the trial court because Arroyo was not properly served with the motion and was not given proper notice that the motion had been set for hearing. The documents and/or motions previously filed and served on Arroyo preceding the motion for summary judgment had all been served upon Arroyo's attorney. The summary judgment motion was not served on Arroyo's attorney, but on Arroyo's supposed home address. There was no indication in the record that Arroyo's attorney had ever withdrawn from the case.

Alternatively, the Order Granting Plaintiff's Motion for Summary Judgment should be reversed and the case remanded to the trial court because the court's clerk failed to comply with Rule 306a (3), Texas Rules of Civil Procedure, in that forty-two (42) days elapsed between the time the court signed and entered the judgment at issue and the time the clerk allegedly provided written notice to Arroyo. Further, the transmittal letter from the court's clerk to Arroyo does not contain an address for Arroyo, but merely states her name.

# ARGUMENT

## ISSUE NO 1. RESTATED

**WHETHER THE ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE REVERSED AND THE CASE REMANDED BECAUSE APPELLANT WAS NOT PROPERLY SERVED WITH THE SUMMARY JUDGMENT MOTION NOR PROVIDED PROPER NOTICE BY THE COURT OF THE SETTINGS FOR THE SUMMARY JUDGMENT MOTION**

The Texas Supreme Court has set forth the following elements of a restricted appeal:

> A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 354, 255 (Tex. 2009); *see* Tex. R. App. P. 30; *see also* Tex. R. App. P. 26.1(c).

The first three requirements set forth above are jurisdictional and a restricted appeal is not available if they are not met. *Clopton v. Park*, 66 S.W.3d 513, 515 (Tex. App.-Fort Worth 2001, pet. denied); *see also* Tex. R. App. P. 30. A restricted appeal is a direct attack on the final order or judgment with the only limitation being that the scope of review is limited to error that is apparent on the face of the record. *Norman Commc'ncs v. Tex. Eastman Co.*, 955 S.W.2d 269,

11

270 (Tex. 1997) (per curiam); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.-Corpus Christi 2003, no pet.). The "face of the record" has been held to mean all documents on file with the appellate court and all evidence that was before the trial court. *Alexander*, 134 S.W.3d 848-49 (citing *General Electric Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991).

Arroyo clearly meets the first of the three requirements to prevail on a restricted appeal. With regard to the fourth requirement that error is apparent on the record, it is clear that Arroyo was not properly served with Plaintiff's Motion for Summary Judgment. Arroyo filed a *pro se* answer to Garza's lawsuit on August 13, 2013. (CR 25-26). In that pleading Arroyo's mailing address was listed as "15200 N. Moorefield Road, Mission, Texas 78574." (CR 25).

On January 27, 2014 Arroyo filed "Defendant's Certificate of Written Discovery Directed to Plaintiff Cristo Rey Garza" wherein she provided a mailing address of "P.O. Box 3662, Edinburg, Texas 78539". (CR 27). On February 13, 2014 Arroyo filed another "Defendant's Certificate of Written Discovery Directed to Plaintiff Cristo Rey Garza" (apparently to supplement her previous discovery responses) wherein she again provided that "P.O. Box 3662, Edinburg, Texas 78539" mailing address. (CR 28).

On April 22, 2014 Garza then filed his "Motion to Compel Discovery and for Sanctions" wherein the certificate of service indicates the motion was served

12

upon attorney Rene A. Flores, either at his office mailing address or via electronic mail. (CR 29-31). The "Notice of Hearing" for that motion was filed and signed and entered by the trial court the following day, April 23, 2014, and directed that copies by provided to Garza's counsel and attorney Rene A. Flores via electronic mail. (CR 32). Neither the motion nor the hearing notice included any notation that Arroyo was being served and/or provided notice of the hearing directly in her capacity as a *pro se* respondent.

On October 23, 2014 Garza filed his "Plaintiff's Motion for Summary Judgment". (CR 35). The certificate of service included with that filing indicates that Arroyo was to be served at the "15200 N. Moorefield Rd., Mission, Texas 78574" address. (CR 44). The certificate of service indicates that Arroyo was served on "September 23, 2014" fully a month prior to the motion being filed, and interestingly includes what appears to be some type of superimposed image of a United States Postal Service certified mail tracking number. (CR 44).

The record does not reflect that a response to the summary judgment was ever filed by, or on behalf, of Arroyo. Further, the record does not reflect that attorney Rene A. Flores ever formally withdrew from his representation of Arroyo as required under the Texas Rules of Civil Procedure. There is no explanation in the record as to why a motion Garza filed in April 2014 was served upon Arroyo's attorney, but summary judgment motion filed in October 2014 was allegedly

13

served upon Arroyo in a pro se capacity when attorney Rene A. Flores had not formally withdrawn from representing Arroyo. The trial court's "Amended Notice" providing the parties with the court's scheduling of the motion for summary judgment indicates that the notice was sent to Arroyo at the address she had provided in her initial pro se pleading, but does not indicate that notice was mailed either to the post office box address she had provided in later filings nor to attorney Rene A. Flores. (CR 89).

Arroyo contends that the record clearly indicates that she was never properly served with Garza's motion for summary judgment and that she was never given proper notice of the trial courts deadline for her to respond to the motion. Once an attorney had appeared on behalf of Arroyo all motions and correspondence should have continued to be served on Arroyo through her attorney of record, unless and until the trial court had granted the attorney's motion to withdraw. The record before this court shows that Arroyo's attorney never caused to be filed a motion to withdraw and that the trial court obviously then never signed an order permitting Rene A. Flores to withdraw as counsel. As such, purported service of the motion and notice of deadlines sent to Arroyo at a mailing address Arroyo had only used in her initial pleading was improper and the Order Granting Plaintiff's motion for Summary Judgment must be reversed and the case remanded to the trial court.

14

## ISSUE NO. 2 RESTATED

WHETHER THE ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT SHOULD BE REVERSED AND THE CASE
REMANDED BECAUSE THE COURT'S CLERK FAILED TO COMPLY WITH
RULE 306a (3), TEXAS RULES OF CIVIL PROCEDURE, REQUIRING THE
CLERK TO IMMEDIATELY GIVE NOTICE TO THE PARTIES WHEN A
FINAL JUDGMENT OR OTHER APPEALABLE ORDER IS SIGNED.

Rule 306a (3), Texas Rules of Civil Procedure reads:

> 3. **Notice of Judgment.** When the final judgment or other
> appealable order is signed, the clerk of the court shall immediately
> give notice to the parties or their attorneys or record by first-class mail
> advising that the judgment or order was signed. Failure to comply
> with the provisions of this rule shall not affect the periods mentioned
> in paragraph (1) of this rule, except as provided in paragraph (4).

Forty-two (42) days passed between the date the trial court signed the Order

Granting Plaintiff's motion for Summary Judgment, December 22, 2014, and the

date the district clerk's office allegedly sent its Rule 306a (3) notice letter to

Arroyo, February 2, 2015. (CR 91-93). The notice letter "addressed" to Arroyo

only contained her name, but did not indicate any address that it was being mailed

to. (CR 93). There is no indication in the record as to why there was such a delay

between the time the judgment was rendered and the clerk sending the notice

required under Rule 306a (3), but the effect of Arroyo not receiving notice was that

she was precluded from filing post-judgment motions such as a motion for new

15

trial, motion to modify, motion to vacate judgment and requests for findings of facts and conclusions of law. See Rule 306a (1), Tex. R. Civ. P.

While Texas courts have not provided a rigid guideline as to what precisely Rule 306a (3) requires the clerk to do and what relief is available to someone such as Arroyo in this case, common sense dictates that a forty-two (42) day period between the date of judgment and notice being sent, does not satisfy the directive in the rule that "the clerk of the court shall ***immediately*** give notice to the parties or their attorneys or record by first-class mail advising that the judgment or order was signed". (emphasis added), *Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009); *In re Lynd Co.*, 195 S.W.3d 686 (Tex. 2006). Accordingly, this court must reverse the Order Granting Plaintiff's motion for Summary Judgment and remand the case to the trial court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant Sandra Maribel Arroyo requests that this Court reverse the judgment of the trial court granting Plaintiff' motion for Summary Judgment and remand the case to the trial court for further proceedings and for such other relief, both at law and in equity that Appellant may be entitled.

Respectfully submitted,

Timothy Audrey Davis
State Bar No. 0070570
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
(956) 664-2000
Fax (956) 664-2500
McAllenLawDavis@gmail.com

_Timothy A. Davis_
**Timothy Audrey Davis**
**State Bar No. 0070570**

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

I certify that all counsel of record have been served with a true and correct copy of the foregoing document on this the 21st day of September, 2015 in a manner prescribed by the Texas Rules of Civil Procedure.

Justino "J.R." Garza
LAW OFFICE OF JUSTINO "J.R." GARZA
2223 Primrose Avenue
McAllen, Texas 78504
**Via Facsimile (956) 664-2189**
**Via Electronic Service jrgarza@rocketmail.com**

*Timothy A. Davis*
Timm Davis

## CERTIFICATE OF COMPLIANCE

I certify that there are 2,431 words contained in Appellant's brief, excluding those items permitted by Tex. R. App. P. 9.4(i)(1).

*Timothy A. Davis*
Timm Davis

18

**APPENDIX**

A. "Order Granting Plaintiff's Motion for Summary Judgment", signed on December 22, 2014

B. Rule 26, Texas Rules of Appellate Procedure

C. Rule 30, Texas Rules of Appellate Procedure

D. Rule 306a, Texas Rules of Civil Procedure

# APPENDIX A

Electronically Filed
10/23/2014 9:49:52 AM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

NO. C4013-13-G

| | | |
|---|---|---|
| CRISTO REY GARZA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 370TH JUDICIAL DISTRICT |
| | § | |
| SANDRA MARIBEL ARROYO | § | |
| Defendant. | § | OF HIDALGO COUNTY, TEXAS |

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On **DECEMBER 16, 2014** , the Court considered Plaintiff's Motion for Summary Judgment and requests that the Court enter Summary Judgment in favor of Movant on the claim set forth therein, and against Defendant Sandra Maribel Arroyo.

After due consideration of the summary judgment evidence, including affidavits and discovery, and the argument of counsel, this Court finds that Plaintiff's Motion is due to be **GRANTED** and makes the following findings:

The Court finds there is no genuine issue of material fact as to Plaintiff's claim for RESULTING TRUST and Plaintiff is entitled to summary judgment thereon.

The Court finds Defendant has not pled any counterclaim that will preclude summary judgment in this case. The Court finds that Defendant has not pled any affirmative defense that would preclude summary judgment in this cause.

The Court finds Plaintiff is entitled to summary judgment as a matter of law because the property made the subject of this litigation was purchased and paid for entirely by Cristo Rey Garza, but title to said real estate was placed under the name of Sandra Arroyo by Cristo Rey Garza, and for the mere convenience of Cristo Rey Garza, and title to said property was so held by Sandra Arroyo as trustee of the resulting trust solely for the benefit of Cristo Rey Garza.

16

**IT IS THEREFORE ORDERED** that judgment is entered in favor of Plaintiff and against Defendant on the claim of RESULTING TRUST. The Court hereby awards the following described real estate to the Plaintiff, Cristo Rey Garza:

ALL OF LOT ONE HUNDRED THIRTEEN (113), BLOCK FOUR (4), LA HOMA RANCH CITRUS GROVES UNIT NO.2, HIDALGO COUNTY, TEXAS, AS PER MAP OR PLAT THEREOF RECORDED IN VOLUME 8, PAGE 9, MAP RECORDS, HIDALGO COUNTY, TEXAS.

**IT IS ORDERED** this judgment shall have the effect and operation, at law and in equity, of conveying said property to the Plaintiff, Cristo Rey Garza.

**IT IS ORDERED** that this Judgment hereby vest all title to the said real estate in the Plaintiff, Cristo Rey Garza.

**IT IS ORDERED** that Sandra Arroyo is hereby divested of any claim, right or title to said property.

**IT IS ORDERED** that Plaintiff is entitled to enforce this judgment through abstract, execution, and any other process.

**IT IS ORDERED** that Sandra Arroyo appear at the office of Law Office of J.R. Garza at a time convenient to the Cristo Rey Garza, and upon notice to Sandra Arroyo specifying the time, date and location, and sign whatever document necessary to effectuate a transfer of title to said property by deed.

This judgment finally disposes of all parties and all claims and is appealable.

Signed on **DECEMBER 22, 2014** _____.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
JUSTINO GARZA, JR
Attorney for Plaintiff Cristo Rey Garza,
Email: jrgarza@rocketmail.com
2223 Primrose, MCALLEN, TX 78504
Tel. (956) 664-0011,  Fax. (956) 664-2189

17

# APPENDIX B

**Rule 26. Time to Perfect Appeal**

**26.1. Civil Cases**

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:
(1) a motion for new trial;
(2) a motion to modify the judgment;
(3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or
(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed;

(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed; and

(d) if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.

# APPENDIX C

## Rule 30. Restricted Appeals to Court of Appeals in Civil Cases

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

# APPENDIX D

## RULE 306a. PERIODS TO RUN FROM SIGNING OF JUDGMENT

**1. Beginning of Periods.** The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents that these rules authorize a party to file within such periods including, but not limited to, motions for new trial, motions to modify judgment, motions to reinstate a case dismissed for want of prosecution, motions to vacate judgment and requests for findings of fact and conclusions of law; but this rule shall not determine what constitutes rendition of a judgment or order for any other purpose.

**2. Date to Be Shown.** Judges, attorneys and clerks are directed to use their best efforts to cause all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein. If the date of signing is not recited in the judgment or order, it may be shown in the record by a certificate of the judge or otherwise; provided, however, that the absence of a showing of the date in the record shall not invalidate any judgment or order.

**3. Notice of Judgment.** When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by firstclass mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

**4. No Notice of Judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

**5. Motion, Notice and Hearing.** In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

**6. Nunc Pro Tunc Order.** When a corrected judgment has been signed after expiration of the court's plenary power pursuant to Rule 316, the periods mentioned in paragraph (1) of this rule shall run from the date of signing the corrected judgment with repsect of any complaint that would not be applicable to the original document.

**7. When Process Served by Publication.** With respect to a motion for new trial filed more than thirty days after the judgment was signed pursuant to Rule 329 when process has been served by publication, the periods provided by paragraph (1) shall be computed as if the judgment were signed on the date of filing the motion.