**RONE ENGINEERING SERVICE, LTD., Appellant,**

v.

**Troy CULBERSON, Appellee.**

No. 05–09–00814–CV.

Court of Appeals of Texas, Dallas.

July 6, 2010.

---

M. Brandon Waddell, Scott E. Hayes, Vincent Lopez Serafino Jenevin, PC, Dallas, TX, for Appellant.

Sammie M. Smith, Payma, Kuhnel & Smith, P.C., Dallas, TX, for Appellee.

Before Justices RICHTER, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice LANG–MIERS.

This is a restricted appeal from a no-answer default judgment. We conclude that there is error on the face of the record. As a result, we vacate the trial court's final default judgment and remand this case to the trial court for further proceedings.

### BACKGROUND

Alleging that he was injured as the result of a vehicle accident, appellee Troy Culberson filed a petition against multiple defendants including appellant Rone Engineering Service, Ltd.,[1] the other driver's employer. In the style of the petition and throughout most of the body of the petition, Culberson identified the employer as "RONE ENGINEERING SERVICE, LTD." But on page two of the petition, under the heading "PARTIES AND SERVICE," Culberson stated: "Defendant, RONE ENGINEERS, LTD, is a business or partnership authorized to do business in the State of Texas which may be served with process of service [sic] by and through its registered agent, Richard K.

---

1. On appeal, appellant identifies itself as "Rone Engineering Services, Ltd." and states that it was misidentified in the style of the petition, and in the default judgment, as "Rone Engineering Service, Ltd." But the omitted letter "s" from the third word in appellant's name is not the basis for its restricted appeal. And because the trial court identified appellant as "Rone Engineering Service, Ltd." in its final default judgment, we refer to appellant as "Rone Engineering Service, Ltd."

Leigh, at 8908 Ambassador Row, Dallas, Texas 75247."

Culberson sent his petition to the county clerk's office under a cover letter directing the clerk to prepare a citation for "RONE ENGINEERS, LTD." Citation was issued to "RONE ENGINEERS, LTD.," and the private process server's affidavit of service indicates that he personally delivered the citation and petition to the registered agent for "Rone Engineers, Ltd." on December 28, 2006. On March 6, 2009, the trial court signed a final default judgment against "RONE ENGINEERING SERVICE, LTD.," awarding Culberson $23,494.87 in damages, along with court costs and interest. Appellant timely filed a notice of restricted appeal from the trial court's final default judgment.

## APPLICABLE LAW

■ A restricted appeal is a direct attack on the trial court's judgment. *General Electric Co. v. Falcon Ridge Apts., J.V.,* 811 S.W.2d 942, 943 (Tex.1991). A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. TEX. R.APP. P. 26.1(c), 30; *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997). The parties agree that this restricted appeal satisfies the first three requirements, and that the only issue for our determination is whether there is error apparent on the face of the record.

■ For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994) (per curiam); *Lytle v. Cunningham,* 261 S.W.3d 837, 839–40 (Tex.App.-Dallas 2008,

no pet.). If the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid and of no effect. *Lytle,* 261 S.W.3d at 840. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Id.; see generally* TEX.R. CIV. P. 124.

## ANALYSIS

### Appellant's Argument

■ In a single issue, appellant argues that the default judgment must be reversed because there is error on the face of the record. We agree.

The return of service states that the citation and petition were served on Rone Engineers, Ltd.—but the default judgment was rendered against Rone Engineering Service, Ltd. As a result, this case is analogous to *Hercules Concrete Pumping Service, Inc. v. Bencon Management & General Contracting Corp.,* 62 S.W.3d 308 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). In *Hercules,* the return of service stated that the citation and petition were served on "Hercules Concrete Pumping," but a default judgment was rendered against "Hercules Concrete Pumping Service, Inc." *Hercules,* 62 S.W.3d at 309–10. Our sister court reversed the default judgment because the record did not affirmatively demonstrate that the entity named in the default judgment was served with process:

> The language of the return ... does [not] establish that the "Hercules Concrete Pumping" served was the defendant below, Hercules Concrete Pumping Service, Inc.
>
> ...

In this case, the word "Service," *a portion of the entity's name,* has been omitted from the return. It is common knowledge that related corporate entities often share a portion of the same name, but are, nonetheless, separate and distinct corporate entities. Thus, even though the return in this case shows service on "Hercules Concrete Pumping," it does not show service on "Hercules Concrete Pumping Service, Inc." It is entirely possible that there are several corporate entities whose name begins with the words "Hercules Concrete Pumping." Because of the incomplete name of the corporate entity served, we believe the return is insufficient.

*Id.* at 310–11 (emphasis in original).

We agree with the analysis and conclusion in *Hercules.* In this case, as in *Hercules,* the name of the defendant identified in the default judgment differs from the name of the defendant identified in the return of service: (1) the word "Engineering" appears in the name of the defendant in the judgment, while the word "Engineers" appears in the name of the defendant in the return; and (2) the word "Service" appears in the name of the defendant in the judgment, but is omitted from the name of the defendant in the return. As a result, we conclude that the record does not affirmatively demonstrate that the entity named in the default judgment—Rone Engineering Service, Ltd.—was served with process. *See id.*

**Appellee's Arguments**

■ Culberson makes three arguments on appeal to support the default judgment. First, Culberson argues that the record demonstrates service of process was valid because "[t]he name of the Defendant did not vary between Plaintiffs' Petition and the Citation issued; both

identified Rone Engineers, Ltd." [2] We disagree. The problem in this case is that the name of the defendant identified in the default judgment is different from the name of the defendant identified on the return of service. The return of service "is not a trivial, formulaic document." *Primate Constr.,* 884 S.W.2d at 152. And "the law considers the omission of a meaningful word from [a defendant's] name on the return of service to be more than a minute detail." *N.C. Mut. Life Ins. Co. v. Whitworth,* 124 S.W.3d 714, 722 (Tex.App.-Austin 2003, pet. denied). In short, the fact that the petition and citation identified the employer defendant as Rone Engineers, Ltd. does not demonstrate that Rone Engineering Service, Ltd. was served with process before the default judgment was rendered against it. As a result, we reject Culberson's first argument.

■ Second, and in the alternative, Culberson argues that the difference in the name of the defendant "amounted to nothing more than a misnomer." To support his misnomer argument, Culberson does not cite to the record. Instead, he cites to and relies upon six documents appended to his appellee's brief, which he claims demonstrate that Rone Engineering Service, Ltd. conducted business as Rone Engineers, Ltd. and "identified the same individual and address as agent for service of process on the company." Regardless of what Culberson's extraneous evidence demonstrates, however, we cannot consider it on appeal. Under Texas law, appellate courts cannot consider any extrinsic evidence in a restricted appeal. *See Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004) (extrinsic evidence "cannot be considered in a restricted ap-

---

**2.** Although the petition identified the employer defendant as Rone Engineers, Ltd. in one place, it primarily identified the employer defendant as Rone Engineering Service, Ltd.

peal"). Instead, the review is limited to the face of the record. *See generally Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 573 (Tex.2006).[3]

Confining our review to the face of the record, as we must, we conclude that this is not a case of misnomer. As our sister court explained in *Union Pacific Corp. v. Legg,* 49 S.W.3d 72 (Tex.App.-Austin 2001, no pet.), a misnomer occurs when the record demonstrates that the intended defendant is actually served with process but is misnamed in the petition or citation. *Id.* at 78. In this case, there is nothing in the record to demonstrate whether Rone Engineers, Ltd. or Rone Engineering Service, Ltd. was the intended defendant. And regardless of which entity was the intended defendant, the record does not demonstrate that the defendant named in the default judgment was served with process. As a result, the record does not support the default judgment. *See, e.g., id.* at 77–78 (record did not support default judgment against "Union Pacific Corporation" because return identified "Union Pacific Railroad" as entity served with process); *Hercules,* 62 S.W.3d at 310–11 (record did not support default judgment against "Hercules Concrete Pumping Service, Inc." because return identified "Hercules Concrete Pumping" as entity served with process); *Brown–McKee, Inc. v. J.F. Bryan & Assocs.,* 522 S.W.2d 958, 959 (Tex.Civ.App.-Texarkana 1975, no writ) (record did not support default judgment against "Brown–McKee, Inc." because return of service identified "Brown–McKee Const. Co." as entity served with process).

This case is distinguishable from the case that Culberson principally relies upon to support his misnomer argument: *Adams v. Consolidated Underwriters,* 133 Tex. 26, 124 S.W.2d 840 (1939), *rev'g* 97 S.W.2d 323 (Tex.Civ.App.-Beaumont 1936). *Adams* arose from Ed Adams's worker's compensation claim against his employer's insurance carrier, Consolidated Underwriters. Adams initially filed a claim for compensation with the industrial accident board against his employer and Consolidated Underwriters. Adams was dissatisfied with the board's final award against Consolidated Underwriters and filed a lawsuit in district court to set aside the award. In Adams's original petition, he "made an error in the name of the compensation insurance carrier by inserting the word Casualty between the words Consolidated and Underwriters, and thereby named Consolidated Casualty Underwriters as defendant instead of Consolidated Underwriters, the correct corporate name of the insurance carrier." 124 S.W.2d at 841. Citation was issued on the original petition and served on A.D. Robertson as the agent of Consolidated Casualty Underwriters, and Robertson filed an affidavit essentially stating that he was not the agent of Consolidated Casualty Underwriters. *Id.* After Robertson filed his affidavit, Adams amended his petition to correct the name of the defendant. *Id.* Citation was issued on the amended petition and served on Robertson as the agent for Consolidated Underwriters. *Id.* In response, Consolidated Underwriters filed a plea in abatement and contingent answer arguing that the trial court lacked jurisdiction to hear and decide the case because (1) Adams was required by statute to file suit within twenty days of the board's final award, and (2) he did not file his amended petition nam-

---

**3.** Because our review is limited to the face of the record, we also reject Culberson's suggestion that service of process was valid under Texas Rule of Civil Procedure 28 because "two distinct business entities with similar names exist." The record does not demonstrate that two distinct entities exist, or that either of those entities was doing business under an assumed name.

ing Consolidated Underwriters as the defendant until almost two months after the board's final award. 97 S.W.2d at 324. The trial court overruled the objection to its jurisdiction and rendered judgment in favor of Adams. *Id.*

Consolidated Underwriters appealed to the Beaumont Court of Civil Appeals arguing that the trial court lacked jurisdiction to hear and decide the case because the petition against Consolidated Underwriters was not filed within 20 days. *Id.* at 325. In a 2–1 decision, the Beaumont court agreed with Consolidated Underwriters and reversed the trial court's judgment. *Id.* at 324–26. The supreme court reversed the Beaumont court's decision and affirmed the trial court's judgment because the record affirmatively demonstrated that Consolidated Underwriters was actually served with process. 124 S.W.2d at 842.

In short, *Adams* was not an appeal from a default judgment, and the record in that case affirmatively demonstrated that the defendant named in the judgment was actually served with process. *Id.* As a result, *Adams* does not support Culberson's argument that service of process was valid in this case.

Culberson also argues that the facts of this case are "very similar" to the facts in *Dezso v. Harwood,* 926 S.W.2d 371 (Tex. App.-Austin 1996, writ denied). We disagree. In *Dezso,* the plaintiff, Paul Harwood, intended to sue Judi's Cupboard, Inc. and its owner. The business was owned by Elsie Dezso, but the petition identified the owner as Judi Dezso, and the citation was issued to " 'Dezso, Judi Individually and DBA Judi's Cupboard DBA Judi's Card & Gift Shop & DBA Christian Symbols.' " *Id.* at 372–73. The citation and petition were served on Elsie Dezso

and a no-answer default judgment was rendered against " 'Judi Dezso, also known as Elsie Dezso, individually and doing business as Christian Symbols, Judi's Cupboard and Judi's Card and Gift Shop.' " Elsie Dezso appealed by writ of error[4] and argued that the default judgment was improper because she was not named in the petition or citation. *Id.* at 373. In that case, the court essentially concluded that the record affirmatively demonstrated strict compliance with the rules governing service of process because Elsie Dezso— the defendant named in the default judgment—"did in fact receive service of process" and knew that she was the intended defendant:

> Although the citation did not refer to Elsie Dezso by her correct name, her corporation and its business names were on the citation. Additionally, the original petition expressly pointed out all of Harwood's complaints regarding his dealings with Elsie Dezso, her son, and the related businesses. Based on the allegations in the petition, Elsie Dezso knew that her daughter-in-law, Judi Dezso, was not in any way involved in the business dealings that formed the basis of Harwood's lawsuit. The allegations also made clear that Elsie Dezso's businesses, Judi's Cupboard and Judi's Card and Gift Shop, *were* involved in the transactions that were the subject of Harwood's suit. Further, Elsie Dezso testified at a hearing on her motion to set aside the default judgment that "[s]ince the store's name is Judi, a lot of people will call me Judi because ... they think it is my name." Based on these factors, Elsie Dezso should have logically concluded that Harwood intend-

---

4. Writ of error appeals under former rule of appellate procedure 45 were replaced in 1997 with restricted appeals under rule 30. *See* TEX.R.APP. P. 30 & cmt.

ed to sue her and that he had simply misnamed her.

*Id.* at 374 (ellipsis and emphasis in original).

In short, the record in *Dezso* demonstrated that Elsie Dezso was served with process before the default judgment was rendered against her. In contrast, the record in this case does not demonstrate that Rone Engineering Service, Ltd. was served with process before the default judgment was rendered against it. As a result, we disagree that the facts in this case are similar to the facts in *Dezso.*

 Finally, Culberson argues that because the trial court held two hearings on the motion for default judgment, this Court "must presume that the pleadings and the evidence supported the trial court's judgment." To the contrary, in the context of a restricted appeal from a no-answer default judgment, "we indulge no presumptions in favor of valid issuance, service, or return of service." *Lytle,* 261 S.W.3d at 840. Instead, the record must affirmatively demonstrate strict compliance with the rules governing service of process. *Id.* The case Culberson relies upon, *Garcia v. Arbor Green Owners Association, Inc.,* 838 S.W.2d 800 (Tex.App.-Houston [1st Dist.] 1992, writ denied), is not on point. In *Garcia,* a post-answer default judgment was rendered against the plaintiff after she failed to appear for trial, and the issue on appeal by writ of error was whether she received notice of the trial setting. *Id.* at 801–02. In that case, the court explained, "When the rules do not impose a duty either on the parties or the court clerk to ensure that notice is affirmatively shown in the record, absence from the record of affirmative proof of notice does not establish error." *Id.* at 803. The issue in this case is not whether the plaintiff received notice of a trial setting—the issue is whether the trial court

had jurisdiction to render a default judgment against a defendant that did not file an answer or otherwise appear in the trial court. Under the circumstances of this case, in order for the trial court to have acquired jurisdiction over Rone Engineering Service, Ltd., strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Lytle,* 261 S.W.3d at 840.

### CONCLUSION

We conclude that the trial court did not acquire personal jurisdiction over Rone Engineering Service, Ltd. because the record does not affirmatively demonstrate that Rone Engineering Service, Ltd. was served with process. As a result, we vacate the final default judgment against Rone Engineering Service, Ltd. and remand this cause to the trial court for further proceedings.