**REVERSE and REMAND; and Opinion Filed April 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00657-CV

**FOUNTAIN POWERBOATS, INC., Appellant**
**V.**
**SPEED BOATS OF TEXAS, LP, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-10710-M**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

This is a restricted appeal from a no-answer default judgment. We conclude that there is error on the face of the record. As a result, we reverse the trial court's final judgment and remand this case to the trial court for further proceedings. We issue this memorandum opinion because all dispositive issues are settled in law. TEX. R. APP. P. 47.2(a), 47.4.

### BACKGROUND

In August 2011 appellee Speed Boats of Texas, LP was named as a defendant in a lawsuit arising from its sale of an allegedly defective boat manufactured by appellant Fountain Powerboats, Inc. In June 2012 appellee filed a third-party petition against appellant seeking indemnification and alleging claims for negligent representation, breaches of express and implied

warranties, contribution, and breach of contract. In its third-party petition appellee identified appellant as follows:

> Third-Party Defendant Fountain Powerboats, Inc. ("Fountain Powerboats") is a North Carolina Corporation with its principal place of business at 1653 Whichards Beach Road, Washington, North Carolina, 27889, which may be served with process through the Secretary of State, Statutory Documents Section – Citation Unit, P.O. Box 12079, Austin, Texas 78711-2079, pursuant to Tex. Civ. Prac. & Rem. Code § 17.044.

The record includes a citation addressed to "FOUNTAIN POWERBOATS INC BY SERVING THE SECRETARY OF STATE . . . ," and a return of service indicating that the secretary of state received the citation and petition on July 13, 2012.

After settling the plaintiffs' claims against it, appellee filed a motion for default judgment against appellant on September 21, 2012. On October 31, 2012, the trial court signed a final judgment against appellant, awarding appellee $622,857.66 in damages, along with prejudgment interest and attorneys' fees. Appellant timely filed a notice of restricted appeal from the trial court's final judgment.

## APPLICABLE LAW

### Restricted Appeals

A restricted appeal is a direct attack on the trial court's judgment. *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.). A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. *Id.*; *see also* TEX. R. APP. P. 26.1(c), 30. The parties agree that this restricted appeal satisfies the first three requirements, and that the only issue for our determination is whether there is error apparent on the face of the record.

For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Primate*

*Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). The face of the record in a restricted appeal consists of the documents and evidence before the trial court when it rendered its judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991). If the record does not show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid, the trial court does not acquire personal jurisdiction over the defendant, and the default judgment is void. *Rone Eng'g Serv.*, 317 S.W.3d at 508; *see generally* TEX. R. CIV. P. 124.

**Service on Nonresident Defendants**

Texas's long-arm statute provides that the secretary of state is an agent for service of process on certain nonresident defendants. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (West 2008). When served with process under the long-arm statute, the secretary of state is required to mail a copy of the process to the nonresident by registered mail or by certified mail, return receipt requested. *Id.* § 17.045 (a), (d). For the trial court to have personal jurisdiction over a nonresident defendant, the record must **a**ffirmatively show that the secretary of state forwarded a copy of the process to the defendant. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973) ("[A] showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court over the defendants' persons.").

ANALYSIS

In a single issue, appellant argues that the default judgment must be reversed because the trial court did not have personal jurisdiction over appellant. More specifically, appellant argues that the face of the record does not show strict compliance with the rules governing service of process because it does not affirmatively show that the secretary of state forwarded a copy of the process to appellant.

In response, appellee argues that the default judgment should be affirmed because the trial court had jurisdiction over appellant. To support its argument, appellee relies on the trial court clerk's docket, appellee's motion for default judgment, and documents attached to appellee's brief. First, appellee argues that the trial court clerk's docket shows that the secretary of state served a copy of the citation and petition on appellant on July 13, 2012. We disagree. The trial court clerk's docket states, "CITATION SOS [ ] FOUNTAIN POWERBOATS INC Served: 07/13/2012." This notation corresponds to the return of service indicating that the secretary of state was served with process on July 13, 2012. But this notation does not demonstrate that the secretary of state mailed a copy of the citation and petition to appellant.

Second, appellee cites to its motion for default judgment, in which appellee stated that appellant was served with process:

> [Appellee] filed this lawsuit against [appellant] on June 12, 2012. Citation was served on [appellant] by serving the Texas Secretary of State with citation on June 29, 2012, at 10:00 a.m. The Secretary of State forwarded a copy of the citation by Certified Mail Return Receipt Requested to the principal place of business of [appellant]. [Appellant] signed for the citation and Third-Party Petition on July 13, 2012. Service was made as required by law and was returned to the Clerk where it remained on file for the time required by law prior to the signing of any judgment. [Appellant], although having been duly and legally citied [sic] to appear and answer, failed to appear and answer, and has wholly made default.

Statements made in an unsworn motion, however, do not constitute evidence. *See Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.—Dallas 1986, no writ). *Cf. In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting recitals in a judgment are not sufficient proof of service in a restricted appeal).

Finally, appellee also relies on documents appended to its appellee's brief. Appellee claims those documents demonstrate that appellant's registered agent was served with process. But those documents are not included in the appellate record, and we cannot consider documents that were not before the trial court when it rendered its judgment. *See Alexander v. Lynda's*

–4–

*Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (extrinsic evidence "cannot be considered in a restricted appeal"); *see also Falcon Ridge Apartments*, 811 S.W.3d at 944.

Consequently, we conclude that the record does not affirmatively show that the secretary of state forwarded a copy of the citation and petition to appellant and the record does not support the default judgment. *Whitney*, 500 S.W.3d at 96–97 (reversing default judgment because record did not show that secretary of state "forwarded a copy of the process" to nonresident defendants); *Roberts v. Niekerk*, 730 S.W.2d 341, 343 (Tex. App.—Dallas 1987, writ ref'd) (reversing default judgment because record contained "no evidence that process was sent by the Texas Secretary of State to [defendant] . . . as required by section 17.045(d)"); *Flowers v. Mowery-Sheets*, No. 05-00-01181-CV, 2001 WL 1092955, at *1 (Tex. App.—Dallas Sept. 19, 2001, pet. dism'd) (not designated for publication) (reversing default judgment because record contained no evidence that service had been made on nonresident defendants by secretary of state).

## CONCLUSION

We conclude that the trial court did not acquire personal jurisdiction over appellant because the record does not affirmatively demonstrate that the secretary of state forwarded a copy of the citation and petition to appellant. As a result, we reverse the final judgment against appellant and remand this case to the trial court for further proceedings. No new service of process is necessary. *See* TEX. R. CIV. P. 123.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130657F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

FOUNTAIN POWERBOATS, INC.,
Appellant

No. 05-13-00657-CV          V.

SPEED BOATS OF TEXAS, LP, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-10710-M.
Opinion delivered by Justice Lang-Miers.
Justices Myers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent
with this opinion.

It is **ORDERED** that appellant Fountain Powerboats, Inc. recover its costs of this appeal
from appellee Speed Boats of Texas, LP.


Judgment entered this 15th day of April, 2014.



/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE