**Reverse and Remand; Opinion Filed July 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00943-CV

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-H11, AGREEMENT DATED AS OF JANUARY 1, 2006, Appellant**

**V.**

**KINGMAN HOLDINGS, LLC, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-12-883**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

In this restricted appeal, appellant Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-H11, Agreement Dated as of January 1, 2006 ("Deutsche Bank"), challenges the trial court's no-answer default judgment in favor of appellee Kingman Holdings, LLC ("Kingman"). In four issues on appeal, Deutsche Bank asserts it "has shown itself entitled to review of the default judgment" and the default judgment must be reversed because (1) "Kingman amended its petition prior to seeking default judgment, but it never attempted to serve the amended petition"; (2) "Kingman committed fraud or mistake in identifying an address for service of process upon Deutsche Bank"; and (3) "the named defendant in the default judgment does not match the petition or citation."

We decide in favor of Deutsche Bank on its first and fourth issues. Consequently, we need not address Deutsche Bank's remaining issues. We reverse the trial court's default

judgment and remand this case for further proceedings. Because the law to be applied in this case is well settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2, 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Kingman initiated this lawsuit by filing a claim for trespass to try title respecting certain real property in Rockwall, Texas ("the property"). In the style of Kingman's August 29, 2012 "ORIGINAL PETITION FOR DECLARATORY RELIEF OR IN THE ALTERNATIVE TO QUIET TITLE" (the "original petition"), the sole defendant was identified as "DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE." (emphasis original). In the body of that petition, Kingman described the property and stated in part

> Defendant is DEUTSCHE BANK NATIONAL TRUST COMPANY. Defendant is sued in its capacity as trustee for GSAMP TRUST 2006-H-11, POOLING AND SERVICING AGREEMENT DATED AS OF JANUARY 1, 2006. (hereinafter referred to as "DEUTSCHE) DEUTSCH [sic] is and has been a foreign corporation doing business in the State of Texas. Defendant is not registered with the Secretary of State of Texas, and is not registered with the Comptroller of Currency of Texas. Further, Defendant does not maintain an office in the State of Texas, and it does not maintain a registered agent for service of process in the State of Texas. Accordingly, pursuant to [Texas Civil Practice and Remedies Code] §17.044, and [Texas] Business Organizations Code §5.251, it may be served with process on the Secretary of State Citation Unit, who should then forward to Defendant the Citation and Petition at its home office, shown on the internet to be:
>
> > 300 South Grand Av
> > 41st Fl
> > Los Angeles, Ca. 90071

(emphasis original).

A "Citation by Mailing" dated August 29, 2012, was issued by the Rockwall County District Clerk. That citation stated in part

> TO: DEUTSCHE BANK NATIONAL TRUST COMPANY served with process by certified mail, 300 SOUTH GRAND AVE 41ST FLOOR, LOS ANGELES, CA 90071, **BY SERVICE THROUGH THE TEXAS SECRETARY OF STATE, CITATIONS UNIT, POB 12079, AUSTIN, TEXAS 78711-2079** hereinafter styled and numbered cause 1-12-883.

> You are hereby commanded to appear before the 382nd District Court of Rockwall, County, Texas in the Rockwall County Courthouse, 1111 E. Yellowjacket Lane, Suite 200 in Rockwall, Texas by filing a written answer to Plaintiff's ORIGINAL PETITION FOR DECLARATORY RELIEF OR IN THE ALTERNATIVE TO QUIET TITLE at or before 10:00 A.M. of the Monday after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number styled KINGMAN HOLDINGS, LLC vs. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE.

(emphasis original).

On September 5, 2012, Kingman filed a "FIRST AMENDED PETITION FOR TRESPASS TO TRY TITLE" (emphasis original) (the "amended petition"). Like the original petition described above, the style of the amended petition identified the defendant as "DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE." (emphasis original). Further, the amended petition contained a paragraph identical to the one quoted above from the original petition and an identical property description.

On September 19, 2012, an "Officer's Return" was filed in the trial court with the citation described above attached. The return stated in part

> Came to hand on the 30th day of August, 2012, and executed by mailing the Respondent certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Original Petition to the following address: Deutsch [sic] Bank National Trust Company, 300 South Grand Ave 41st floor, Los Angeles, CA 90071. . . Service upon the Respondent is evidenced by the return receipt hereto attached and signed by Texas Secretary of State and dated 7th September 2012.

The "Respondent" referred to in the return was identified therein as "Deutsch [sic] Bank National Trust Company."

Additionally, the Secretary of State of Texas issued a certificate that stated as follows:

> I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Original Petition For Declaratory Relief or In The alternative to Quiet Title in the cause styled:
>
> > Kingman Holdings LLC VS Deutsche Bank National Trust Company As Trustee
> > 382nd Judicial District Court, Rockwall County, Texas

–3–

Cause No: 112883

was received by this office on September 7, 2012, and that a copy was forwarded on September 11, 2012, by CERTIFIED MAIL, return receipt requested to:

> Deutsch [sic] Bank National Trust Company
> Deutsch [sic] Bank Trust Company
> 300 South Grand Ave 41st Floor
> Los Angeles, CA 90071

The RETURN RECEIPT was received in this office dated September 17, 2012, bearing signature.

(emphasis original).

Kingman filed a "Motion to Enter Default Judgment" on October 4, 2012. The motion was styled the same as the original and amended petitions and contained a paragraph identical to the one quoted above from those petitions. Additionally, the motion stated

> The Secretary of State was served on September 7, 2012. The Certificate of Service issued by the Secretary of State reflects that Defendant received the Citation and Petition on September 11 2012. . . . The answer date was October 1, 2012. To date, no answer or other responsive pleading has been filed. . . . Based upon its failure to answer or otherwise appear, Defendant has admitted the material allegations of the Petition and Amended Petition, and Plaintiff should have judgment by default.

The trial judge signed a "Final Default Judgment" in favor of Kingman dated December 6, 2012. In the style of that judgment, the defendant is identified as "DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-H11, POOLING AND SERVICING AGREEMENT DATED AS OF JANUARY 1, 2006." (emphasis original). Further, the judgment states in part

> Upon review of the file of the Court, the Court finds service of process on Defendant was accomplished according to law, that the return of service is in due form and has been on file for a period in excess of ten (10) days, that Defendant has failed to file an Answer or otherwise appear, and pursuant to T.R.Civ. Pro. Rule 239, is in default. By virtue of its default, the allegations contained in Plaintiff's Original Petition are assumed by the Court to be true.
>     IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff Kingman Holdings LLC have judgment against Defendant Deutsche Bank National Trust Company as Trustee for GSAMP Trust 2006-H11, Pooling

–4–

and Servicing Agreement dated as of January 1, 2006, in accordance with the terms of this Order.

(emphasis original).

This restricted appeal timely followed.

## II. REVIEW OF DEFAULT JUDGMENT

### A. Standard of Review and Applicable Law

A restricted appeal is a direct attack on the trial court's judgment. *See, e.g., Gen. Elec. Co. v. Falcon Ridge Apts., J.V.*, 811 S.W.2d 942, 943 (Tex. 1991); *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.). To prevail on a restricted appeal, the appellant must establish (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 620 (Tex. App.—Dallas 2014, no pet.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *Rone*, 317 S.W.3d at 508; *see* TEX. R. APP. P. 26.1(c), 30.

Texas Rule of Civil Procedure 124 provides that, except where otherwise expressly provided by law, "[i]n no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant." TEX. R. CIV. P. 124. For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *Rone*, 317 S.W.3d at 508 (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.—Dallas 2008, no pet.)). If the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid and of no effect. *Id.* In contrast to the

–5–

usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment. *Dole*, 425 S.W.3d at 620.

Texas Rule of Civil Procedure 107, titled "Return of Service," provides in part that "[t]he officer or authorized person executing the citation must complete a return of service." TEX. R. CIV. P. 107(a). The return, together with any document to which it is attached, must include, among other information, "the person or entity served." TEX. R. CIV. P. 107(b)(5).

### B. Application of Law to Facts

We begin with Deutsche Bank's first and fourth issues, which we address together. As described above, Deutsche Bank asserts in its first issue that it has shown itself entitled to review of the default judgment by restricted appeal. The parties do not dispute that the first three of the four requirements described above for prevailing on a restricted appeal are satisfied in this case and that the only requirement at issue is whether there is error apparent on the face of the record. *See Dole*, 425 S.W.3d at 620; *Rone*, 317 S.W.3d at 508; TEX. R. APP. P. 30.

In its argument pertaining to its fourth issue, Deutsche Bank asserts in part that error is apparent on the face of the record because "the return of service does not match the judgment entered by the trial court." Specifically, Deutsche Bank contends (1) "the entity served the original complaint was 'Deutsche Bank National Trust Company' and 'Deutsche Bank Trust Company,' not as trustee, but in its individual capacity" and (2) "[n]either 'Deutsche Bank National Trust Company' nor 'Deutsche Bank Trust Company' were named in . . . the default judgment." In support of its argument, Deutsche Bank cites *Rone*. *See* 317 S.W.3d at 508–09.

Kingman responds in part "[t]here was no question as to whom was being served or sued." According to Kingman,

> The tenor of the cases relied upon by [Deutsche Bank] is that a judgment cannot be rendered against a party not named and served. This is not the case here.

–6–

[Deutsche Bank] as [sic] named properly. It is the proper party. It was sued in its capacity as Trustee, which is stated in the Petition and the Judgment."

Further, Kingman argues *Rone* is "not analogous" because *Rone* involved "a substantial discrepancy in the name of the defendant in the Petition and Citation and the name used in the judgment."

In *Rone*, a motorist who was allegedly injured in an accident involving another vehicle filed suit against multiple defendants, including Rone Engineering Service, Ltd. ("Rone"), the employer of the driver of the other vehicle. *Id*. at 507. In the style of the petition and throughout most of the body of the petition, the plaintiff identified the employer as "RONE ENGINEERING SERVICE, LTD." *Id*. (emphasis original). However, on page two of the petition, under the heading "PARTIES AND SERVICE," the plaintiff stated "Defendant RONE ENGINEERS, LTD, is a business or partnership authorized to do business in the State of Texas which may be served with process of service [sic] by and through its registered agent . . . ." *Id*. (emphasis original). Citation was issued to "RONE ENGINEERS, LTD." (emphasis original) and the process server's affidavit of service indicated that he personally delivered the citation and petition to the registered agent for "Rone Engineers, Ltd." *Id*. at 508. Subsequently, the trial court signed a no-answer default judgment in favor of the plaintiff against "RONE ENGINEERING SERVICE, LTD." *Id*. Rone timely filed a notice of restricted appeal to this Court. *Id*. This Court concluded there was error on the face of the record. *Id*. This Court observed "[t]he return of service states that the citation and petition were served on Rone Engineers, Ltd.—but the default judgment was rendered against Rone Engineering Service, Ltd." *Id*. Thus, this Court stated, "the name of the defendant identified in the default judgment differs from the name of the defendant identified in the return of service." *Id*. This Court stated, "As a result, we conclude that the record does not affirmatively demonstrate that the entity named in the default judgment—Rone Engineering Service, Ltd.—was served with process." *Id*. at 509.

In the case before us, the record shows (1) the return of service states that the citation and original petition were served on "Deutsch [sic] Bank National Trust Company"[1]; (2) the certificate issued by the Secretary of State of Texas states that copies of the citation and original petition were forwarded to "Deutsch [sic] Bank National Trust Company"; and (3) the trial court rendered a default judgment against "Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-H11, Pooling and Servicing Agreement Dated as of January 1, 2006."  As in *Rone*, "the name of the defendant identified in the default judgment is different from the name of the defendant identified on the return of service."  *Id*.  Further, Kingman cites no authority, and we have found none, to support its position that *Rone* involved a "substantial discrepancy" and is therefore inapplicable here.  *Cf. Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 231 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("We cannot affirm a default judgment unless it is clear from the face of the record upon whom the attempted service of process was made, where, when, how, and in what capacity."); *Midstate Envtl. Servs., LP v. Peterson*, No. 10-13-00138-CV, 2014 WL 685567, at *2 (Tex. App.—Waco Feb. 20, 2014, no pet.) (citing *Rone* in support of statement that "minute discrepancy" respecting name of defendant on return of service requires reversal); *Flores v. Sonic Auto. of Tex., L.P.*, No. 14-12-00722-CV, 2013 WL 5776077, at *3 (Tex. App.—Houston [14th Dist.] Oct. 24, 2013, pet. denied) (citing *Rone* in support of statement that if name of defendant on return of service shows "even the slightest of deviations" from citation, default judgment will be reversed).  We conclude error is apparent on the face of the record.  *See Rone*, 317 S.W.3d at 510.  The record before us does not support the default judgment in question.  *See id*.

We decide in favor of Deutsche Bank on its first and fourth issues.

---

[1] Deutsche Bank does not specifically address or assert error as to the use of "Deutsch," rather than "Deutsche," in the return of service and the certificate issued by the Texas Secretary of State.

## III. CONCLUSION

We decide Deutsche Bank's first and fourth issues in its favor.  In light of our disposition of those issues, we need not reach Deutsche Bank's remaining issues.  We reverse the trial court's default judgment and remand this case to the trial court for further proceedings.  *See* TEX. R. APP. P. 43.2(d); *see also* TEX. R. CIV. P. 123 (no new service of process necessary where judgment is reversed because of defective service of process).


130943F.P05


/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR GSAMP
TRUST 2006-H11, AGREEMENT DATED
AS OF JANUARY 1, 2006, Appellant

No. 05-13-00943-CV          V.

KINGMAN HOLDINGS, LLC, Appellee

On Appeal from the 382nd Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 1-12-883.
Opinion delivered by Justice Lang, Justices
Myers and Brown participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

      It is **ORDERED** that appellant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-H11, AGREEMENT DATED AS OF JANUARY 1, 2006 recover its costs of this appeal from appellee KINGMAN HOLDINGS, LLC.

Judgment entered this 8th day of July, 2014.