**Reverse and Remand; Opinion Filed October 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00855-CV

**DEUTSCHE BANK, NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC5, MORTGAGE PASS-THOUGH CERTIFICATES, SERIES 2006 NC5,[1] Appellant**

**V.**

**KINGMAN HOLDINGS, LLC, AS TRUSTEE FOR THE MAHOGANY 1857 LAND TRUST, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04363-2013**

# MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and Richter[2]
Opinion by Justice Stoddart

In this restricted appeal, appellant seeks to overturn a no-answer default judgment. Appellant contends there is error apparent on the face of the record because, among other reasons, appellee failed to strictly comply with the requirements for valid and effective service of citation. Because the face of the record shows appellee failed to strictly comply with the requirements of valid and effective service of citation, we reverse the trial court's default judgment and remand this case for further proceedings.

---

[1] In its notice of restricted appeal, appellant stated: "Plaintiff wrongly identifies Defendant in Plaintiff's First Amended Complaint as 'Deutsche Bank, National Trust Company, as Trustee Morgan Stanley ABS Capital 1 Inc., Trust 2006-NC5 Mortgage Pass Through Certificates Series 2006-NC5." We do not need to resolve appellant's proper name.

[2] The Hon. Martin Richter, Justice, Assigned

A restricted appeal is a direct attack on the trial court's judgment. *See, e.g., Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.) (citing *Gen. Elec. Co. v. Falcon Ridge Apts., J.V.*, 811 S.W.2d 942, 943 (Tex. 1991)). To sustain a proper restricted appeal, the appellant must prove: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Id.*; *see* also TEX. R. APP. P. 26.1(c), 30. The face of the record in a restricted appeal consists of the papers on file with the trial court when it rendered judgment. *See Lytle v. Cunningham*, 261 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.). The contested issue in this appeal is whether error is apparent on the face of the record.

In its first issue, appellant asserts the face of the record shows appellee did not strictly comply with the requirements for valid and effective service of citation. Appellant's brief states the return of service shows that service was on appellant "as Trustee Company" without stating the name of the trust on whose behalf appellant was operating.

Appellee filed its first amended petition to quiet title, naming "DEUTSCHE BANK NATIONAL TRUST COMPANY, herein sued in its capacity as the Trustee for the Morgan Stanley ABS Capital 1 Inc., Trust 2006-NC5, Mortgage Pass Through Certificates, Series 2006-NC5," as the defendant. Alleging the defendant was a foreign corporation that does not maintain a registered agent for service of process in Texas, the amended petition instructed that service should be upon the Texas Secretary of State and that the Secretary of State should then transmit the citation and petition to an address for the defendant's home office in California.

The civil citation issued by the District Clerk of Collin County identifies the defendant in the caption as "Deutsch Bank, National Trust Company, as Trustee Morgan Stanley ABS Capital

1 Inc. Trust 2006-NC5 Mortgage Pass Through Certificates Series 2006-NC5," but states that the citation is addressed to "Deutsche Bank National Trust Company as Trustee Company." The return of citation identifies the defendant as "Deutsche Bank, National Trust Company, as Trustee Morgan Stanley ABC Capital 1 INC, Trust 2006-NC5 Mortgage Pass Through Certificates Series 2006-NC5." However, the affidavit of service reflects the process server delivered Plaintiff's First Amended Original Petition to Quiet Title to "Deutsch Bank National Trust Company as Trustee Company" by serving the Texas Secretary of State. The Secretary of State certified it forwarded a copy of the citation and First Amended Petition to "Deutsch Bank National Trust Company as Trustee Company" to the address in California the plaintiff had identified as the defendant's home office.

For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *Rone Eng'g Serv., Ltd.*, 317 S.W.3d at 508 (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Lytle*, 261 S.W.3d at 839–40). If the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid and of no effect. *Id.* In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment. *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 620 (Tex. App.—Dallas 2014, no pet.).

A citation must show the names of the parties and be directed to the defendant. *See* TEX. R. CIV. P. 99(b). Rule 107 provides that the officer or authorized person executing the citation must complete a return of service. *See* TEX. R. CIV. P. 107(a). The return of service, together with any document to which it is attached, must include, among other information, "the person or entity served." TEX. R. CIV. P. 107(b)(5). A judgment cannot be rendered against a defendant

unless the defendant has been properly served, accepted or waived service of process, or made an appearance. *See* TEX. R. CIV. P. 124.

Here the citation is addressed to "Deutsche Bank National Trust Company as Trustee Company," which is not the defendant named in the first amended petition, and the affidavit of service shows the citation was sent to the same party for service via the Secretary of State.

The Waco court of appeals concluded "there are a number of cases in which a minute discrepancy between the named defendant on the citation and the person or entity listed on the return to whom the citation had been delivered required a reversal." *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 290 (Tex. App.—Waco 2014, no pet.) (citing *Uvalde Country Club v. Martin Linen Supply Co.*, *Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam) (petition identified the registered agent for service as "Henry Bunting, Jr." but the citation and return of service reflected delivery to "Henry Bunting"); *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (petition identified the defendant as "J.W. Hendon" but return of service reflected delivery to "J.N. Hendon"); *Rone Eng'g Serv., Ltd.*, 317 S.W.3d at 508–09 (citation issued to "Rone Engineers, Ltd." but final default judgment was entered against "Rone Engineering Service, Ltd."); *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citation issued to "Hercules Concrete Pumping Service, Inc." but return reflected delivery to "Hercules Concrete Pumping")).

In *Deutsche Bank National Trust Co. v. Kingman Holdings, LLC*, this Court considered a restricted appeal in which appellant, "Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-H11,", argued there was error apparent on the face of the record because the defendant's name in the default judgment did not match the name in the original petition or citation. No. 05-13-00943, 2014 WL 3211887, at *5 (Tex. App.—Dallas July 8, 2014, no pet.) (mem. op.). The defendant was identified in the original petition as "Deutsche Bank National

Trust Company, as Trustee." The body of the original petition stated that "Deutsche Bank National Trust Company" was being sued in its capacity as "trustee for GSAMP Trust 2006-H-11, Pooling and Servicing Agreement Dated as of January 1, 2006." The citation was addressed to "Deutsche Bank National Trust Company." The original petition was delivered with the citation. *See id.* at *1–3.

The trial court entered a default judgment against "Deutsche Bank National Trust Company as Trustee for GSAMP Trust 2006-H11, Pooling and Serving Agreement dated as of January 1, 2006." *Id.* at *3. On appeal, this Court reversed the trial court's default judgment because the name of the defendant identified in the default judgment was different from the name of the defendant identified on the return of service, and the error was apparent on the face of the record. *Id.* at *5.

The record before us shows the citation is addressed to "Deutsche Bank National Trust Company as Trustee Company." However, the defendant in the action and the party against whom the default judgment was taken is "Deutsche Bank, National Trust Company, as Trustee Morgan Stanley ABS Capital 1, Inc., Trust 2006-NC5 Mortgage Pass Through Certificates Series 2006-NC5." There is no evidence in this record that service was had upon "Deutsche Bank, National Trust Company, as Trustee Morgan Stanley ABS Capital 1, Inc., Trust 2006-NC5 Mortgage Pass Through Certificates Series 2006-NC5." Because the entity that was served, "Deutsche Bank National Trust Company as Trustee Company," is not the same as the entity named in the petition and in the default judgment, "Deutsche Bank, National Trust Company, as Trustee Morgan Stanley ABS Capital 1, Inc., Trust 2006-NC5 Mortgage Pass Through Certificates Series 2006-NC5," we agree that appellee did not strictly comply with the procedural rules governing service and return of citation. The attempted service of process is invalid and of no effect, and error is apparent on the face of the record. We sustain appellant's first issue.

Having resolved appellant's first issue in its favor, we need not address its remaining issues. TEX. R. APP. P. 47.1.

We reverse the trial court's default judgment and remand this case for further proceedings.

/Craig Stoddart/

CRAIG STODDART
140855F.P05                                             JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, IN TRUST
FOR THE REGISTERED HOLDERS OF
MORGAN STANLEY ABS CAPITAL I
INC. TRUST 2006-NC5, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006 NC5, Appellant

No. 05-14-00855-CV     V.

KINGMAN HOLDINGS, LLC AS
TRUSTEE FOR THE MAHOGANY 1857
LAND TRUST, Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-04363-2013.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant recover its costs of this appeal from appellee.

Judgment entered this 5th day of October, 2015.