

# NUMBER 13-23-00236-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CHRISTOPHER DE LEON D/B/A DE LEON
AIRCRAFT MAINTENANCE PROFESSIONAL,**                    **Appellant,**

**v.**

**PRABHUVARAM J. MADDELA,**                    **Appellee.**

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Christopher De Leon d/b/a De Leon Aircraft Maintenance Professional challenges a default judgment entered in favor of appellee Prabhuvaram J. Maddela. *See* Tex. R. Civ. P. 508.3. By two issues, De Leon argues the trial court erred in granting the no-answer default judgment because (1) it lacked personal jurisdiction over him, and

(2) the evidence was legally and factually insufficient to support the $161,250.00 award in compensatory damages. We reverse and remand.

## I.   BACKGROUND

Maddela brought a suit for breach of contract against De Leon over the sale of an aircraft. Maddela attempted to serve De Leon personally multiple times from April to May 2022, and subsequently filed a motion for substituted service, which the trial court granted on June 8, 2022. *See* TEX. R. CIV. P. 106(b). The order granting the motion stated that substitute service may be made on De Leon: (1) "by leaving a true copy of the citation" and petition at "671 Ferguson Road, Donna, Texas" or by "affixing a true copy of the citation and [p]etition securely to the front entrance way of the property (door/gate/mailbox) at 671 Ferguson Road, Donna, Texas"; (2) "by mailing a true copy of the citation" and petition to "671 Ferguson Road, Donna, Texas"; or (3) "by emailing a true copy of the citation" and petition to "the email address to which Christopher De Leon corresponds, deleon.aircraftmaintenance@gmail.com." After attempting substituted service of process pursuant to the order, Maddela filed a motion for no-answer default judgment against De Leon.

The trial court held a hearing on the motion on February 7, 2023. Maddela's counsel, Christopher Castillo, stated that De Leon "was served by substituted service on multiple days by posting it on the entry of [his home on] June 10, 2022; by email June 8, 2022; by certified mail, June 8, 2022[,] and first[-]class mail on June 8, 2022." Castillo requested $161,250.00 in compensatory damages, $3,013.50 in attorney's fees and

2

$783.35 in court costs. On February 17, 2023, the trial court granted the default judgment and awarded the requested damages. De Leon did not enter an appearance prior to the trial court signing its default judgment. This restricted appeal followed.

## II. SERVICE OF PROCESS

By his first issue, De Leon argues that Maddela failed to meet the service of process requirements under the Texas Rules of Civil Procedure, and thus, the trial court did not acquire personal jurisdiction to enter the default judgment against him. *See id.* R. 106.

### A. Standard of Review & Applicable Law

A restricted appeal is a direct attack on a judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex.1991); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). "To successfully attack a default judgment by restricted appeal, the appellant must: (1) file the restricted appeal within six months after the final judgment is signed; (2) be a party to the lawsuit; (3) have not participated at trial; and (4) demonstrate error apparent from the face of the record." *Autozone, Inc.*, 108 S.W.3d at 919; *see* TEX. R. APP. 25.1, 26.1(c), 30; *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). The "face of the record" consists of all papers that were before the trial court at the time it rendered judgment. *See Ex parte Vega*, 510 S.W.3d at 547; *Autozone, Inc.*, 108 S.W.3d at 920.

3

Texas Rule of Civil Procedure 106 governs the methods of serving a citation. *See* TEX. R. CIV. P. 106. Rule 106(a) states that, unless the citation or court order directs otherwise, service must be effectuated by delivering a copy of the citation and petition to the defendant in person or by registered or certified mail, return receipt requested. *Id.* R. 106(a). Under Rule 106(b), a trial court may authorize a substitute method of service if, upon motion supported by a sworn statement, the methods attempted under subsection (a) have been unsuccessful. *Id.* R. 106(b). If so, the rule allows the court to authorize service:

> (1)     by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

> (2)     in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

*Id.*

"If the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid and of no effect." *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.) (citation omitted). Virtually any deviation from the rules governing service will be sufficient to set aside a default judgment on appeal, and strict compliance is particularly important when substituted service is issued under Rule 106(b). *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.) ("When a trial court orders substituted service pursuant to [R]ule 106, the only authority for the substituted service is the order itself. . . . Therefore, the requirements set forth in the order must be strictly followed.").

4

"When we review a restricted appeal, there are no presumptions of valid issuance, service, and return of citation." *Autozone, Inc.*, 108 S.W.3d at 920. Further, the Texas Supreme Court "has repeatedly held that discrepancies in the defendant's name or address prevent any implication or presumption of proper substitute service." *Spanton v. Bellah*, 612 S.W.3d 314, 317 (Tex. 2020) (collecting cases).

> [F]or example, if the citation says an amended petition was attached (which named the defaulted party) and the return says the original petition was served (which did not), an appellate court cannot tell from the record which is true. Similarly, if the petition says the registered agent for service is "Henry Bunting, Jr." but the citation and return reflect service on "Henry Bunting," an appellate court cannot tell whether those persons are different or the same.

*Fid. & Guar. Ins. v. Drewery Const. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (internal citations omitted).

A "defective service" complaint may be raised for the first time on appeal. *Autozone, Inc.*, 108 S.W.3d at 920. "When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void." *Rone Eng'g Serv., Ltd.*, 317 S.W.3d at 508; *see Autozone, Inc.*, 108 S.W.3d at 920.

## B.    Analysis

It is clear from the record that De Leon filed this restricted appeal within six months of the trial court's final judgment, he is a party to the lawsuit, and he did not participate at the February 7, 2023 hearing. *See Autozone, Inc.*, 108 S.W.3d at 919. Thus, we limit our review to whether error is apparent from the face of the record. *See id.*

De Leon argues that Maddela's attempts to serve him under Texas Rules of Civil Procedure 106(a) did not meet the rule's requirements, and thus, the trial court improperly ordered substitute service under Rule 106(b). *See* R. 106. Specifically, De Leon argues that Maddela attempted to serve him at "a fictitious address" and that the affidavits in support of the substitute service provided "no evidence" that the Ferguson Road property was De Leon's physical or mailing address, or that emailing the requisite documents to deleon.aircraftmaintenance@gmail.com would "be reasonably effective to give the defendant notice of the suit." *See id.* R. 106(b)(2). De Leon contends that because of the defective service, the trial court did not acquire personal jurisdiction to enter default judgment against him. *See Rone Eng'g Serv., Ltd.*, 317 S.W.3d at 508.[1]

One of Maddela's attorneys, David A. Buono II, filed an affidavit with the motion for substitute service stating that, in order to determine De Leon's home address, "[his] staff visited the Texas Secretary of State voter portal" which "allows a user to input data regarding an individual and generates a report showing a voter's registered address." Buono's affidavit stated that the portal showed De Leon's address as "671 Ferguson Road" and that service was attempted at that address. However, the attached exhibit, a printout of the voter portal search results, listed the address as "671 Ferguson Road A."

The record shows that each attempt to serve De Leon used the "Ferguson Road" address and not the "Ferguson Road A" address. An affidavit by process server Angelica Vasquez stated that she visited the Ferguson Road property on five different days

---

[1] Maddela did not file a brief in this appeal.

attempting to serve De Leon in person. *See* TEX. R. CIV. P. 106(a)(1). Her affidavit stated that the property had a "private fence" with "no access" to the front door, and she would "honk and wait[]" each visit, but received "no response." During her first visit, the affidavit stated, "teenagers getting off bus and going into property said Christopher is her dad but not home." During her second visit, it stated that a "[n]eighbor in the back[, a] male Hispanic [in his] 40's said Christopher works all day." Her affidavit also stated that she left a delivery notice in four of the five visits. In a separate affidavit, Vasquez stated that she attempted personal service once at De Leon's business address.

After the order granting substitute service was rendered, Maddela attempted to serve De Leon by attaching a copy of the requisite documents to the front gate of the Ferguson Road property, mailing De Leon at the Ferguson Road address, and emailing De Leon, as ostensibly authorized by the order. *See id.* R. 106(b)(1), (2). The record also shows that only after the order for substitute service, Maddela then attempted to serve De Leon at the Ferguson Road address by "registered or certified mail" as required by Rule 106(a)(2). *Id.* R. 106(a)(2). However, the certified mail return had no signature, nor did it "show the diligence used by the officer or authorized person to execute [it] and the cause of failure to execute it[.]" *See id.* R. 107(c), 107(d). Thus, nothing in the record indicates that De Leon received service or substituted service.

*Spanton v. Bellah* is instructive to the case at hand. 612 S.W.3d 314 (Tex. 2020). In that case, the Texas Supreme Court held that the discrepancy between "Heathers Hill Drive" on the order authorizing substitute service and "Heather Hills Drive" on the return

7

of service "establishe[d] that the substitute service did not strictly comply with the order permitting such service." *Id.* at 318. The appellee's motion for substitute service included a process server's affidavit which stated in that he confirmed the defendants' address was on "Heather<u>s</u> Hill" with one of the defendants' employees, and even called one of the defendants who "refused to meet with him to accept service, but [] sent him an email confirming that he could serve process at the street number on 'Heathers Hill.'" *Id.* at 315 (emphasis omitted). Despite this information in the process server's affidavit, the Court vacated the default judgment against the defendants, finding that "[n]othing in the record demonstrate[d] that the [defendants] actually received substituted service or that Heather Hills Drive and Heathers Hill Drive are the same street." *Id.* at 318. Like in *Spanton*, we cannot presume from Vasquez's affidavit that the addresses are the same location, and nothing in the record demonstrates that De Leon received substituted service. *See id.* Moreover, nothing in the record demonstrates why Maddela used the Ferguson Road address over the Ferguson Road A address.

We conclude that De Leon has satisfied the fourth requirement of his restricted appeal because De Leon's address listed in Maddela's affidavits in support of substitute service did not match the listed address in the exhibit supporting the same affidavits. Thus, the face of the record shows Maddela did not strictly comply with the methods of service under the rules of civil procedure. *See* R. 106(b); *Spanton*, 612 S.W.3d at 318; *Autozone, Inc.*, 108 S.W.3d at 920. Accordingly, substituted service of process on De Leon should not have been authorized and was invalid, and as a result, the trial court did

8

not acquire personal jurisdiction over appellant. *See Spanton*, 612 S.W.3d at 318; *Rone Eng'g Serv., Ltd.*, 317 S.W.3d at 508; *Autozone, Inc.*, 108 S.W.3d at 920. De Leon's first issue is sustained. Because this issue is dispositive, we need not address De Leon's sufficiency of the evidence issue.

### III.    CONCLUSION

We reverse the default judgment and remand for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
29th day of February, 2024.